UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TIMOTHY JONES | * | CIVIL ACTION: 18-885 |
| | * | |
| v. | * | JUDGE SHELLY D. DICK |
| | * | |
| MAJOR PETER LOLLIS; | * | MAGISTRATE JUDGE |
| CAPTAIN MARCUS JONES; and | * | ERIN WILDER-DOOMES |
| WARDEN KEVIN BENJAMIN | * | |

*********************************************

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

MAY IT PLEASE THE COURT:

This Court should enter an order compelling the Defendants to fully respond to the written discovery propounded in this matter.

On December 6, 2018, the Plaintiffs propounded *Plaintiff's First Interrogatories and Requests for Production of Documents* to Defendants.

On February 26, 2019, Defendants responded with *Defendants Answers to Plaintiffs's First Set of Discovery* which were incomplete.

A Rule 37.1 conference was held on March 28, 2019, which did not resolve the discovery disputes.

Plaintiff requests that the Court compel responses to the discovery.

Pursuant to FRCP 37 (b), the Plaintiff is entitled to an order compelling the production and for other equitable relief. FRCP 37 (b) provides in pertinent part as follows:

> If a party or an officer, director or managing agent of a party or a person designated under Rule 30 (b)(6) . . . fails to obey an order . . . including an order made under subdivision (a) [order compelling discovery] or this rule or Rule 35, or if a party fails to obey an order entered under Rule 26 (f) [any other order that should be entered by the court under Rule 26 (c) motion for protective order denied in whole or in part], the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that Party from introducing designated matters in evidence.
>
> An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any party thereof, or **rendering a judgment by default against the disobedient party.**

An award of attorney fees may be appropriate to including in an order issued under FRCP 37 (a) compelling discovery or compliance with a court order.

**I. Specific Deficiencies**

The specific deficiencies with the discovery responses are outlined below:

**A. INTERROGATORY NO. 8:**

Please identify and include a DOC # for each inmate who has filed an ARP against any of the Defendants herein for the time period 6 months before and after February 4, 2018, and the nature of that complaint/grievance.

RESPONSE:

Objected to an unreasonably broad, general, and vague, and not reasonably calculated to lead to the discovery of admissible evidence and the attempt to answer be unreasonably burdensome.

Deficiency:

Please provide a response.

Rule 37.1

Defendants advised they would maintain their objection. Plaintiff advised that information is admissible. Plaintiff is willing to limit the scope to excessive force ARP's only.

**B. INTERROGATORY NO. 11:**

Please list any and all evidence which you may introduce at trial; fully describe each such document and list the name and address of the person having possession of the original or any copies thereof; in addition, please describe the substance of the facts you intend to establish through the introduction of each document and the name and address of the person you intend to have identify and/or authenticate the document at the time of trial.

RESPONSE:

Objected as premature, discovery is just commencing, and the subject matter of this request is covered by the Court's scheduling order. Subject thereto, and without waiving same,

reference is made to those discovery responses.

Deficiency:

Please provide a list.

Rule 37.1

Defendants maintained their objection. Plaintiff advised that any items not listed in discovery will be objected to at trial. Plaintiff is entitled to an exhibit list.

**C. REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

Produce the personnel file for each Defendant, including all use of force reports and disciplinary matters

RESPONSE:

Defendants object to this Request on the grounds that is vague, ambiguous, overly broad, unduly burdensome, improper, and seeks information that is neither relevant nor likely to lead to the discovery of relevant information. Defendants further object to this Request to the extent that it seeks information and/or documents that are inadmissible extrinsic acts according to Fed R. Evid. 404(b), highly prejudicial hearsay.

Deficiency:

Please produce, not irrelevant

Rule 37.1

Defendants maintained the objection. Plaintiff is seeking disciplinary action. Any information relative to benefits or insurance may be redacted. See Savoy *Ruling* at RD 66, at 11-12 of 15. The information is discoverable.

**D. REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

All ARP's filed against any of the Defendants herein for the time period of three months before and after February 4, 2018.

RESPONSE:

See Response No. 10

Deficiency:

Please produce these documents.

Rule 37.1

Defendants are claiming this information is not relevant. Defendants are maintaining the objection.

See Savoy *Ruling* at RD 66, at 5-7 of 15. The information is discoverable.

**CONCLUSION**

This Court should enter an order compelling the Defendants to respond to the outstanding discovery.

Respectfully submitted:

s/ Donna U. Grodner
Donna U. Grodner (20840)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX (225) 769-1997
Dgrodner@grodnerlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2019, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.

s/ Donna U. Grodner
Donna U. Grodner (20840)