**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **TIMOTHY JONES** | : | **CIVIL ACTION** |
| | : | **NO. 18-885** |
| **VERSUS** | | |
| | : | **JUDGE SHELLY D. DICK** |
| **MAJOR PETER LOLLIS, ET AL** | : | **MAGISTRATE JUDGE ERIN WILDER-DOOMES** |

*******************************************************************************

**DEFENDANT'S MEMORANDUM IN SUPPORT OF DAUBERT MOTION TO EXCLUDE TESTIMONY OF LLOYD GRAFTON OR IN THE ALTERNATIVE LIMIT THE TESTIMONY**

**NOW INTO COURT,** through undersigned Counsel, appearing herein for the purpose of the present Motion, comes the Defendants, MAJOR PETER LOLLIS, CAPTAIN MARCUS JONES, and WARDEN KEVIN BENJAMIN, who for the following reasons files this Daubert Motion seeking to exclude the admission of irrelevant and unfounded expert testimony at the trial of this matter.

## I. TESTIMONY OF W. LLOYD GRAFTON MAY BE LIMITED OR BE HELD INADMISSIBLE, IN ITS ENTIRETY, UNDER FEDERAL RULE OF EVIDENCE RULES 702.

While it is well understood by Defendants that whether an expert is allowed to testify is completely within this Honorable Courts discretion, it has long been understood that an expert witness can offer their opinion testimony, as long as it aids the trier of fact in understanding the evidence presented, and that opinion is based on sufficient facts and reliable principles, and the expert has reliably applied the principles to the facts.[1]

[1] See Federal Rules of Evidence Rule 702.

As the party offering Mr. Grafton's report and testimony, Plaintiff bears the burden of establishing the reliability and admissibility of Grafton's report and testimony by a preponderance of the evidence.[2] The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which sets forth the prerequisites:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Plaintiff must provide all of these elements in order for Mr. Grafton's testimony to be admissible. The Supreme Court has held that "the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."[3] The reliability requirement means that the party proffering the testimony must "establish a standard of evidentiary reliability" or "trustworthiness."[4] To be valid, an expert's opinion must be "ground[ed] in the methods and procedures of science," and "supported by appropriate validation."[5] Therefore, if an expert's testimony's "factual basis, data, principles, methods, or their application are called sufficiently into question . . . , the trial judge must determine whether the testimony has a reliable basis in the

[2] *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).
[3] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, at 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
[4] Id. at 2795.
[5] Id.

knowledge and experience of the relevant discipline."[6] Conjecture, hypothesis, subjective belief, and unsupported speculation are impermissible bases of expert opinion and must be discarded.[7]

The Supreme Court in *Daubert* presented four non-exclusive factors to aid a judge in determining whether proposed testimony satisfies the Rule 702 standard: (1) whether the expert's theory can and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential error rate of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community.[8] Though these factors were confected regarding the admissibility of scientific evidence, the Court's holding applies to all types of expert testimony, regardless of the subject matter.[9]

Nonetheless, in cases involving non-scientific testimony, "the test of reliability is a 'flexible' one, and *Daubert*'s list of specific factors neither necessarily nor solely applies to all experts or in every case."[10] "Ultimately, the trial court's duty is to 'make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field'."[11]

If the trial court determines that the expert's theory or technique is reliable, it must then look to the relevancy prong of the *Daubert* test. As with any testimony, expert testimony must be relevant to an issue to be decided by the trier of fact.[12] To be relevant, the expert testimony must be based on special knowledge and must assist the trier of fact to understand or determine a fact

---

[6] *Kumho Tire Co. V. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).
[7] *Daubert*, at 2795.
[8] Id.; *Lifemark Hospitals, Inc. v. Jones, Walker, Waechter, Poitevent, Carrere & Denegre*, No. 94-1258, 1999 WL 33579253 (E.D. La. 09/21/99).
[9] *Kumho*, supra; *Stolt Achievement, Ltd. v. Dredge B.E. Lindholm*, 447 F.3d 360, 366 (5th Cir. 2006).
[10] *U.S. v. Paul*, 175 F.3d 906, 910 (11th Cir. 1999); *Moore*, supra, at 275.
[11] *Black v. Food Lion, Inc*., 171 F.3d 308 (5 Cir. 1999)
[12] *Bocanegra v. Vicmar Services, Inc*., 320 F.3d 581 (5th Cir. 2003).

in issue.[13] The expert opinion must be based on facts that enable the expert "to express a reasonable accurate conclusion as opposed to conjecture or speculation."[14]

In considering the **reliability and relevance** of an expert's testimony, the trial judge should consider whether the expert proposes "to testify about matters growing naturally and directly out of research conducted independent of litigation, or whether he has developed his opinions expressly for the purpose of testifying."[15] Furthermore, the trial court must analyze the basis of the expert's opinion.[16] "[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the ipse dixit of the expert."[17] A "conclusion without any support is not one based on expert knowledge and entitled to the dignity of evidence."[18] In short, experts must explain how and why they reach their conclusions. In the absence of supporting data, and expert's conclusion are merely guesswork, and guesses, even educated ones, are insufficient to meet evidentiary standards.[19] Although not binding in this court, the Eastern District of Louisiana has held that legal conclusions and "cumulative factual assertions" that would unduly infringe upon the fact-finding function of the trier of fact should be excluded.[20]

In this matter, plaintiff has retained W. Lloyd Grafton to be his use of force expert in this case. Mr. Grafton has prepared an expert report[21] submitting opinions, which lack support and

---

[13] *Savoy v. State Farm &Cas. Co*., 2006 WL 2795475 (E.D. La. 9/26/06).
[14] *Kieffer v. Weston Land, Inc*., 90 F.3d 1496 (10 Cir. 1996)
[15] *Daubert*, supra.
[16] *Mitchell v. Gencort, Inc*., 165 F.3d 778 (10 Cir. 1999).
[17] *Black*, at 311.
[18] *Watkins v. Telsmith*, 121 F.3d 984 (5th Cir. 1997).
[19] *Daubert*, at 2795.
[20] *Toomer v. Florida Parishes Juvenile Comm'n*, No. 03-0734, 2005 WL 5974570 (E.D. La. March 3, 2005) (Mr. Grafton's testimony in that case was excluded in its entirety)
[21] EXHIBIT DOJ 1 – W. Lloyd Grafton's Expert Report

foundation, which are neither relevant nor reliable within the meaning of *Daubert*, and which are do not appear to be admissible under F.R.E. Rule 702.

Plaintiff will undoubtedly argue that Mr. Grafton is qualified to opine regarding the use of force, regardless of the mechanism for the application of that force. And yet the ultimate conclusion regarding the application of excessive force cannot be determined in a vacuum by someone who lacks actual training and knowledge regarding the means of force in a Louisiana penal institution. Mr. Grafton's expert report relies on alleged violations of Policy and Procedure to reach his conclusory opinions that the rights of plaintiff was violated. This court has previously held that "a claim based on a prison regulation violation would not be cognizable under § 1983."[22] Mr. Grafton makes the assumption that policies had been violated and that these violations were what led to the alleged deprivation of plaintiff's rights.[23] Either Plaintiff's counsel did not give the expert sound data to form an opinion or the expert chose not rely on any documents that contradicted Plaintiff's version of events, which included: the following documents, medical records,[24] administrative remedy procedure report,[25], and the Unusual Occurrence Statement provided the morning of February 4, 2018 by Cadet Snowden[26] identifying the Plaintiff as the attacker, These documents were produced to plaintiff counsel in Febrauary and Mrr. Grafton generated his report in July.[27]

Furthermore, Mr. Grafton disregarded statements made by officers in the answer to interrogatories that he did review[28] and instead relied solely and entirely on the statements of

[22] *Mitchell v. Thomas*, No. 17-00090-JWD-EWD, 2018 U.S. Dist. LEXIS 163326, at *21 (M.D. La. Sep. 24, 2018).
[23] Exhibit DOJ 1 – see expert opinion 1, 2, and 3 all based on plaintiff complaint taken as true.
[24] Exhibit DOJ 4 - ARP 2018-346 pages 21 and 22 , X ray results show no fracture
[25] Exhibit DOJ 4 - ARP 2018-346
[26] Exhibit DOJ 9 – UOR's - pages 1 and 2
[27] Exhibit DOJ 3 – Affidavit of Emerald Skipper stating that she turned over to Plaintiff's counsel on February 5, 2018 copies of documents that included UOR's, Medical Records, Arp's and more.
[28] Exhibit DOJ 5, 6, And 7 –Defendants Responses to Interrogatories, see answer to number 6.

plaintiff. Mr. Grafton's subjective review, his ipse dixit, of the materials provided to him in no way aids the trier of fact in understanding the evidence that will be presented at trial.[29]

Additionally, Mr. Grafton's report includes inadmissible legal conclusions, namely his three opinion statements that are all based on an assumption that Plaintiff was beaten and was compliant. [30]At no time when stating the facts in his report does Mr. Grafton say "If this occurred" or "I believe these are the facts because". There is no qualification of the accuracy of the facts of of the morning of February 4, 2018 in Mr. Grafton's report. It is one sided and based on incomplete date. While a Judge will be able to see, what has occurred here, it may be confusing to the Jury. In his report, Mr. Grafton provides the three following opinions:

1) "It is my opinion that to a degree of professional certainty that the Angola State Penitentiary Officers subjected Mr. Timothy Jones to force in violation of the Use of Force policies and procedures and displayed a total nonprofessional conduct in the manner in which he was treated",[31]
2) "It is my opinion that the use of force by Capt. Jones, Maj. Lollis, Capt. Arvis, Lt. Kettley, and Warden Benjamin was not necessary or reasonable and a violation of the policy regarding excessive and unnecessary force listed above." [32]
3) and finally "it is my opinion that the officers who were involved in the beating of Timothy Jones failed to properly document this event, which is a violation of the policies, procedures and rules governing correctional officers employed by the Louisiana Department of Corrections at Louisiana State Penitentiary"[33].

---

[29] Exhibit DOJ 1 – Report – page 0 – the list what documents were relied on by Mr. Grafton. (bates numbering started on second with number 1)
[30] Exhibit DOJ 1 – Report - page 1
[31] Exhibit DOJ 1 – Report – page 2
[32] Exhibit DOJ 1 – Report – page 3
[33] Exhibit DOJ 1 – Report – page 4

However, witnesses, even experts, are not permitted to give legal conclusions.[34] In rendering his opinion, Mr. Grafton is attempting to prejudice the jury with what their conclusions should be.

Mr. Grafton, an academic, has never attended a police academy in Louisiana, has never attended P.O.S.T. training in Louisiana, has never attended training for the Louisiana Department of Public Safety and Corrections Handbook, and has never been employed as a corrections officer at any Louisiana prison under the Department of Public Safety and Corrections. [35] In fact, of all the professional training Mr. Grafton purports to have received, none of that training has anything to do with Louisiana's prison systems and most importantly, use of force in Louisiana correctional institutions.[36] There are a myriad of law enforcement personnel in Louisiana who have the requisite qualification, training and experience to be able to render an opinion regarding use of force in this case, but plaintiff has failed to produce any of them. Instead, plaintiff relies on a retired ATF agent who has not performed any law enforcement function of any kind in nearly 29 years and has never performed as a correctional officer in the Louisiana correctional system.[37]

As stated above, the remaining issues in this case is whether Capt. Jones, Major Lollis and Warden Benjamin utilized excessive force on Timothy Jones on February 4, 2018 and whether or not Mr. Jones sustained injuries as a result of that alleged excessive force. The medical records do not reflect a fracture even after multiple x-rays[38]. Mr. Grafton's report is unreliable. The facts as Mr. Grafton reiterates from the complaint start on page 2 (bate stamp 1) of the report. [39] The basis for all of his opinions is formed by those facts. Defense would agree if those facts were

[34] *Owen v. Kerr-McGee Corp*., 698 F.2d 236 (5 Cir. 1983).
[35] Exhibit DOJ 2 – Mr. Grafton's Resume
[36] Exhibit DOJ 2 – Mr. Grafton's Resume
[37] Exhibit DOJ 2 – Mr. Grafton's Resume
[38] Exhibit DOJ 4 - ARP 2018-346 pages 21 and 22 , X ray results show no fracture
[39] Exhibit DOJ 1 - page 1

accurate, his opinions may be accurate however, they are not accurate and Mr. Grafton does not even mention the defendants account presented in number 6 of the Response to interrogatories or any information resulting from the Defendant's Response to the Plaintiff's Request for Production. [40]

Finally, it is of importance to note that Mr. Grafton's testimony has been limited, or excluded entirely, on several occasions based on him improperly providing legal conclusions. Recently, the Fifth Circuit in *Brian Porter v. Jordon Lear*, 17-30811 (5th Cir. 2018) upheld the Middle Districts exclusions of Mr. Grafton's opinions. The Fifth circuit stated that "Under Federal Rule of Evidence 702, expert opinion testimony is admissible if it "will help the trier of fact to understand the evidence or to determine a fact in issue." Grafton's opinions went to pure questions of law.[41] Although Federal Rule of Evidence 704 permits opinions that "embrace[] an ultimate issue," this court has "repeatedly held that [Rule 704] does not allow an expert to render conclusions of law."[42] Additionally. in *Stranjac v. Jenkins,* Civil Action No. 10-829, 2012 U.S. Dist. LEXIS 125613, 2012 WL 3862377, at *13 (M.D. La. Sept. 5, 2012), Mr. Grafton was not qualified as an expert in canine usage. The Court reasoned "while Mr. Grafton represents that he has been an Associate Professor of Criminal Justice in the University of Louisiana System for twenty-three years and a U.S. Special Agent for twenty-three years, he has offered nothing to show his expertise in the use of canines."[43] Much like in *Stranjac*, Mr. Grafton has offered nothing in this case to show his expertise in the use of force and the use of force in a penal system let alone a Louisiana penal system.

[40] Exhibit DOJ – 5,6,7, and 8
[41] See *United States v. Muniz-Melchor*, 894 F.2d 1430, 1439 n.9 (5th Cir. 1990) (noting that whether an officer has probable cause is a mixed question of law and fact, but the ultimate determination is a question of law).
[42] *Snap-Drape, Inc. v. Comm'r*, 98 F.3d 194, 198 (5th Cir. 1996).
[43] *Stranjac v. Jenkins,* Civil Action No. 10-829, 2012 U.S. Dist. LEXIS 125613, 2012 WL 3862377, at *13 (M.D.La. Sept. 5, 2012)

In *Toomer v. Florida Parishes*, 2005 WL5974570 (E.D. La. 2005*)*, the judge excluded Mr. Grafton's testimony altogether, finding that his opinion, "is a mixture of legal conclusions and cumulative factual assertions that would unduly infringing upon the fact-finding functions of the jury . . . Further, this witness' opinions, to the extent they might have factual support, are nothing more than logical common sense conclusions, unnecessary to aid the jury." Similarly, in *Brown v. Strain*, 2010 WL 3523026 (E.D. La. 2010), the court limited Mr. Grafton's testimony, finding that his opinion was replete with legal conclusions, and that Mr. Grafton's opinions regarding the "reasonableness" of the officer's conduct must be excluded. Interestingly, Mr. Grafton has never been allowed to testify in the Eastern District. Mr. Grafton also been excluded from testifying in Louisiana District Court (see for example, *Viator v. Carencro*, 2006-3029 (15 JDC, Lafayette Parish, 9/1/09).

For these reason, the testimony of W. Lloyd Grafton, as well as his expert report should be excluded.

## I. <u>CONCLUSION</u>

For the reasons set forth hereinabove, the defendant's Daubert Motion should be granted. The testimony of Plaintiff's expert, Mr. W. Lloyd Grafton, should not be allowed as it is devoid of facts, relies on alleged policy violations that this Court has determined do not lead to constitutional violations under Section 1983 and based on the fact that Mr. Grafton's has been excluded from testifying in the Middle District on more than one occasion. Allowing Mr. Grafton to testify would lead to jury confusion in deciding whether there was a violation of Plaintiff's constitutional rights.

[Signature on following page]

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

*/s/ Suzanne Quinlan Mooney*
Suzanne Quinlan Mooney(#23904)
Assistant Attorney General
Louisiana Department of Justice
Litigation Division, Civil Rights Section
1885 North Third Street, 4th Floor
Post Office Box 94005 (70804-9005)
Baton Rouge, Louisiana 70802
Telephone: 225-326-6300
Facsimile: 225-326-6495
E-mail: Mooneys@ag.louisiana.gov

*Attorney for Defendant*