W. Lloyd Grafton
*Consultant/ Expert Witness*
[redacted]

July 16, 2019

RE: Timothy Jones vs. Major Peter Lollis, Captain Marcus Jones, and Warden Kevin Benjamin

I have reviewed the following information:

- Complaint
- Defendant Major Peter Lollis Answers to Plaintiff's First Set of Interrogatories
- Defendant Warden Kevin Benjamin's Answers to Plaintiff's First Set of Interrogatories
- Defendants' Responses to Plaintiff's First Set of Request for Production of Documents
- Photographs of Timothy Gray
- Louisiana State Penitentiary, Use of Force Chapter (19 pages)
- Dept. of Public Safety and Corrections Disciplinary Rules and Procedures for Adult Offenders

In addition to the above referenced material, I am basing my remarks and evaluation on my twenty-four (24) years as an Associate Professor of Criminal Justice in the University of Louisiana System, my twenty-three (23) years as a U.S. Special Agent, and my experience in police procedures. I am also basing my opinion on my involvement in law enforcement training at local, state, and national academies during much of these fifty (50) years.

EXHIBIT 1

Throughout, I shall be referring to such materials as the PPCT Manual, current police periodicals, and criminal justice textbooks on policing, as well as my experience in police and correctional officer policy compliance.

I will also refer to the Louisiana Department of Public Safety and Corrections Disciplinary Rules and Procedures for Adult Offenders as well as the Field Operations Use of Force Regulations.

I will also refer to the Louisiana State Penitentiary Directive No. 09.003, pertaining to searches of offenders as well as the Corrections Services Employee Manual.

On February 4, 2018, around 6:20a.m. Timothy Jones, an inmate, was in his assigned dorm in the Walnut Unit, in the Louisiana State Penitentiary.

On this date Timothy Jones was going to breakfast and went to retrieve his jacket when security came in screaming, "Everybody on your beds. Sit up!" Timothy Jones complied.

It appeared that after several passes security could not locate whomever they were searching for. A call then came over the radio and Timothy Jones was ordered to get off of his bed. As he began to do so, Capt. Marcus Jones and Maj. Peter Lollis pulled him from his top bunk and began punching him.

Capt. Bradley Arvie and Lt. Wyvonna Kettley arrived to assist. Timothy Jones later learned that an officer had been assaulted and security was out for vengeance to send a message to all inmates. They punished Jones with physical force, intending to cause body injury.

Timothy Jones was not resisting and stated that repeatedly and loudly when he was punched by both Capt. Jones or Major Lollis, which blow caused him to lose his breath.

Capt. Jones and Maj. Lollis then slammed Jones to the deck and maced him. He was coughing and trying to explain he had asthma and seizures, and could not breath.

Capt. Jones and Maj. Lollis ignored him and continued to roughly handle Jones. They handcuffed him, and drug him all the while beating him and screaming obscenities.

Capt. Jones and Maj. Lollis dragged Jones to Cell Block B all the while continuing to punch him on his head and chest. The camera in Cell Block D was up but not Cell Block B.

Once Timothy Jones reached Cell Block B, Warden Benjamin joined in the beating along with Capt. Jones and Maj. Lollis, who held Jones down while he was in cuffs and while Warden Benjamin struck him.

Timothy Jones suffered three cracked ribs, bruises to his head, neck, chest and shoulders, black eye, busted mouth, scratches to his head, neck, arms, and chest, blurred vision, bleeding and swelling.

Timothy Jones was striped and thrown in the shower. Hours later he saw medical. For days he continued to be harassed by security.

The following are the opinions I intend to express and the basis and reasons for them:

## I. Opinion Number One

It is my opinion to a degree of professional certainty that the Angola State Penitentiary Officers subjected Mr. Timothy Jones to force in violation of the Use of Force policies and procedures and displayed a total nonprofessional conduct in the manner in which he was treated. The underlying purpose of the rules at play are to protect the inmate and the correctional officers. Failure to follow those rules resulted in injury in this case.

**Factual Basis for Opinion Number One:**

Mr. Timothy Jones was hit by Capt. Marcus Jones and Maj. Peter Lollis after pulling him from his bunk.

Capt. Bradley Arvie and Lt. Wyvonna Kettley joined in the beating of Timothy Jones.

All of which speaks to a lack of professionalism as well as brutality and a violation of clearly established policies.

**Policy and Procedure violated:**

The Louisiana Department of Public Safety and Corrections in its Corrections Services Employee Manual begins by issuing a Mission Statement:

***<u>MISSION STATEMENT</u>***

> *The mission of Corrections Services is to enhance public safety through the safe and secure incarceration of offenders, effective probation/parole supervision and proven rehabilitative strategies that successfully reintegrate offenders into society, as well as to assist individuals and communities victimized by crime.*
>
> *Goals and priorities are built around the Department's commitment to public safety and rehabilitation and serve to guide our performance in carrying out our mission. These goals and priorities include:*
>
> ***Staff and Offender Safety***
>
> *We provide for the safety of staff and offenders by maintaining an organized and disciplined system of operations which enhance the stability of all programs. All employees are provided training on the principles of the Code of Ethics of the American Correctional Association to demonstrate our commitment to professional and compassionate service.*

The actions of these four men concerning the abuse of Mr. Jones violated this mission statement by the complete lack of professionalism.

## II. Opinion Number Two

It is my opinion that the use of force by Capt. Jones, Maj. Lollis, Capt. Arvis, Lt. Kettley, and Warden Benjamin was not necessary or reasonable and was a violation of the policy regarding excessive and unnecessary force listed above.

**Policy and Procedure violated:**

Louisiana Law Enforcement Officers are trained in PPCT, a Use of Force program that teaches officers to use proportionate levels of control to counter resistance from suspects. It is widely accepted in the United States as the best Use of Force program and is used throughout Louisiana in its police academies. The touchstone of the program is called the Use of Force Continuum, which teaches the One-Plus-One theory of control. Officers in this continuum are authorized to use one level of force above the level of resistance they encounter. PPCT is consistent with Constitutional restrictions on use of force by law enforcement because it teaches that force must only be used when:

1. *There is a need for the application of force.*
2. *The force used must be proportionate.*
3. *The subject's injuries must be proportionated to the subject's level of resistance or threat to the officer or another.*
4. *The force used must be applied in good faith, based upon what a reasonable officer would do at the time.*

The use of force was inconsistent with the regulation prohibiting corporal punishment of inmates.

The Secretary of the Department of Corrections through his administrative authority and the Louisiana Legislature have enacted rules, regulations, policies and procedures to govern the handling of inmates by the correctional officers. The policies and rules implicated in this case as to having been disregarded are set forth below:

> *La. R.S. 15:829, which allows the Secretary of the Louisiana Department of Public Safety and Corrections to enact rules and regulations governing inmates and guards, provides that corporal punishment of inmates is forbidden. See also, LAC 22:3309 (B) and see Department Regulation No. c-02-006 (6)(b)(c)(d).*

> ***A.*** *The secretary of the Department of Public Safety and Corrections shall prescribe rules and regulations for the maintenance of good order and discipline for inmates sentenced to the legal custody of the department whether housed in local or state facilities, which rules and regulations shall include procedures for dealing with violations thereof. A copy of such rules and regulations shall be furnished each inmate.* ***Corporal punishment is prohibited.***
>
> *Violation of a state statute evidences unreasonable conduct.*

Beating an inmate who is not physically resisting is rarely justified by policy and procedure and is also a felony criminal act and willful conduct. The evidence in this case indicates that the correctional officers disregarded law and that their acts were willful and indifferent to what the law required of them.

**III. Opinion Number Three**

It is my opinion that the officers who were involved in the beating of Timothy Jones failed to properly document this event, which is a violation of the policies, procedures and rules governing correctional officers employed by the Louisiana Department of Corrections at Louisiana State Penitentiary.

**Policy and Procedure violated:**

The Correctional Services Employee Manual, Part I, Employee Rules states:

***EMPLOYEE RULES***

1. ***GENERAL MISCONDUCT****: No employee shall engage in conduct that impairs the security or stability of the unit, the safety of staff or offenders or the efficiency of state service. This rule includes any inappropriate action or behavior that is not otherwise better described by Rules 2 through 14.*

2. ...

3. ***ABUSE OF OFFENDERS, CORPORAL PUNISHMENT OR USE OF UNNECESSARY OR EXCESSIVE FORCE:*** *No employee shall abuse an offender for any reason. Forms of abuse include, but are not limited, the following actions:*

    - *Verbal abuse;*
    - *Harassment;*
    - *Damaging, destroying, or otherwise abusing an offender's belongings through willful act or gross negligence; and*
    - *Physical abuse.*

*Force may be used only in accordance with Department Regulation No. C-02-006 "Use of Force: and unit procedures. The force used shall be proportional to the threat and shall cease when the resistance ceases. Necessary force may include the use of physical contact, chemical agents and munitions, restraints, electronic muscular disruption devices, less lethal weapons and firearms.*

*In addition, Department Regulation No. C-02-006 "Use of Force" gives specific guidelines relative to: self-defense, defense of others (whether employees, offenders or visitors), prevention of serious damage to property, prevention of the commission of a crime (including but not limited to escape) and enforcement of rules and regulations to the extent necessary to reach compliance.*

## CONCLUSION

The Constitution, statues, rules and regulations enacted to protect inmates were disregarded.

La. R.S. 15:829, which allows the Secretary of the Louisiana Department of Public Safety and Corrections to enact rules and regulations governing inmates and guards, provides that corporal punishment of inmates is forbidden. See also, lac 22:3309 (B) and see Department Regulation No. c-02-006 (6)(b)(c)(d).

A. The Secretary of Department of Public Safety and Corrections shall prescribe rules and regulations for the maintenance of good order and discipline for inmates sentenced to the legal custody of the department whether housed in local or state facilities, which rules and regulations shall include procedures for dealing with violations thereof. A copy of such rules and regulations shall be furnished each inmate. Corporal punishment is prohibited.

Beating an inmate is unreasonable behavior and certainly not necessary.

The Regulations enacted by the Secretary include Department Regulation No. c-02-055 (12), addressing the use of chemical agents, as follows:

A. Chemical Agent…shall not be used as punishment under any…

There is an accepted rule in criminal investigation that when the physical evidence does not match with the testimony then the testimony is suspect.

In my opinion the injuries suffered by Timothy Jones were too extensive and too severe for a person that was handled properly while in custody.

There is little doubt that Timothy Jones was the recipient of corporal punishment and excessive force.

There is also the issue of spraying Mr. Jones with a chemical agent.

Maj. Marcus Jones is reported to have sprayed Timothy Jones with a chemical agent without any provocation on Mr. Jones' part.

This is clearly a violation of policy and procedure of the correctional unit.

To my knowledge this entire event was never fully documented by the correctional personnel involved.

The actions of the correctional officers' present during the event of Mr. Jones' abuse violated the mission statement by a complete lack of professionalism.

The policy and procedure of the Department of Corrections La. R.S.15:829; LAC22:3309 (B), and Regulation No. C-02-006 (6)(b)(c)(d). La. R.S.15:829
State clearly – Corporal punishment is prohibited.

Beating an inmate who is not physically resisting is rarely justified by policy and procedure and is also a felony criminal act and willful conduct. The evidence in this case indicates that the correctional officers disregarded law and that their acts were willful and indifferent to what the law required of them. In this case, Mr. Jones was located within a secure correctional facility with trained correctional officers present.

The correctional officers were in violation of the stated rules and policies.

> *Rule #3 – ABUSE OF OFFENDERS, CORPORAL PUNISHMENT OR USE OF UNNECESSARY OR EXCESSIVE FORCE: specifically, Excessive Force – which states – Force beyond that which is reasonable and apparently necessary to control a situation where some force is needed is ABSOLUTELY FORBIDDEN.*
>
> *Rule #6 – FAILURE TO FOLLOW ORDERS – which states – Employees must obey all Department Regulations, unit policy and procedures, post orders, Civil Service Rules and other written procedures and policies.*
>
> ***PAGE 20***
>
> *Rule #13D – MALFEASANCE – AGGRAVATED – which states – No employee shall fail to report, at the first opportunity, a violation of rules and regulations.*
>
> *Rule #13G – MALFEASANCE – AGGRAVATED – which states – Each employee must perform his duties so as to fulfill the purpose and responsibility of his assignment.*

The injuries sustained by Timothy Jones were in my opinion due to the officers not following their training and using excessive force when it was not needed or justifiable.

**2.**

I intend to rely on those exhibits identified by me at the beginning of this report, as well as those that may be produced during the continuing course of discovery in this case, to summarize or support my opinions.

**3.**

My qualifications are attached in my Resume, Exhibit "A".

**4.**

This list of all other cases in which, during the previous seven years I have testified as an expert at trial or by deposition, are attached in my Resume, Exhibit "A".

**5.**

My fee schedule is attached in my Resume, Exhibit "A".

Other correctional personnel may well have been involved in this event. This is an ongoing discovery and further information will be forth coming.

I reserve the right to modify, change and/or supplement my opinion as I review additional information furnished me concerning this matter. I declare under penalty of perjury that the foregoing is my expert report based upon the facts set forth therein.

W. Lloyd Grafton
Associate Professor of Criminal Justice
U.S. Special Agent (Retired)