**UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TIMOTHY JONES (#713801)** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-885-SDD-EWD** |
| **MAJ. PETER LOLLIS, ET AL** | **MAGISTRATE JUDGE WILDER-DOOMES** |

**STATE OF LOUISIANA**
**PARISH OF EAST BATON ROUGE**

**AFFIDAVIT**

**BEFORE ME,** the undersigned Notary, personally came and appeared

**RHONDA Z. WELDON**

who, after being first duly sworn, did depose and say that:

She is employed as a Paralegal for the Department of Public Safety and Corrections, Legal Services, Office of the Secretary.

The attached pages are true and exact copies of the entire administrative proceedings, as maintained in the normal course of business by the Department of Public Safety and Corrections, regarding **ADMINISTRATIVE REMEDY PROCEDURE NO. LSP-2018-346,** filed by Plaintiff, **TIMOTHY JONES, DOC #713801,** in connection with the above-captioned matter.

EXHIBIT 4

The above is true and correct to the best of her information and belief.

Rhonda Z Weldon
RHONDA Z WELDON

**SWORN TO AND SUBSCRIBED** before me, Notary, on this 25th day of October, 2018, at Baton Rouge, Louisiana.

Susan Weill Griffin

Susan W. Griffin
NOTARY PUBLIC
State of Louisiana
LA BAR #22402
My Commission expires at death!

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

CASE NUMBER: LSP-2018-0346

SECOND STEP RESPONSE FORM
(HEADQUARTERS)

TO: JONES, TIMOTHY 713801
Offender Name and Number

LSP
Living Unit

Response to Request Dated 05/03/2018, Received in this Office on 05/22/2018:

Your request for an Administrative review of ARP# LSP-2018-0346 has been received. A qualified member of the Headquarters staff has reviewed your request in order to render a fair and impartial response.

All pertinent documentation surrounding your request, including the unusual occurrence report, statements provided by the security staff and your medical records have been reviewed. None of the documents reviewed support your allegations. Through your own actions, staff was forced to use only the amount of force necessary to bring you into compliance with the verbal orders issued to you by staff. It should also be noted that per your medical records, you received minimal injuries which were caused by your own actions. This office concurs with staff's findings on this matter. As such, no further investigation or administrative intervention warranted.

Your request for Administrative Remedy is denied.

6/12/18
Date

[signature]
Secretary's Signature or His Designee

0701 / DW J. Lamartiniere 2018-0346

RECEIVED
FEB 20 2018
LEGAL PROGRAMS DEPARTMENT

**THIS IS A REQUEST FOR ADMINISTRATIVE REMEDY**

Timothy Jones #713801
Inmate's Name DOC #

2-4-18 Excessive Use of Force 8th Amendment violation
Date of Incident/Complaint

Wal-1/6:20am – approx. 7:00am//Excessive Use of Force 8th Amendment violation
Place and Time of Incident/Complaint

Pursuant to the Louisiana Administrative Code, Title 22, Corrections, Criminal justice and Law enforcement Part I, § 325. This ARP is against Major Lollis, Lt. Wyvonna Kettley, Capt. Bradley Arvie, Capt. Marcus Jones and others that may be named later for failure to report Excessive force such as other ranking officers, EMT's or other officers. Warden Benjamin is also a defendant in this incident who came into play at B block

On 2-4-2018, I was headed to breakfast. I went to retrieve my jacket when security came in screaming: "*Everybody on your beds. Sit up!*" I went to my bed. The aforementioned officers entered the dorm. After several passes and a failure to pinpoint who they were looking for. A call came over the radio and I was told to get out of bed. I was exiting the bed when Defendants, Capt. Marcus Jones and Major. Peter Lollis snatched me from the top bunk and they began to punch on me. At this time Defendants Capt. Bradley Arvie and Lt. Wyvonna Kettley started to assist. This is stemming from, what I found out later to be, a product of assault on a security officer. As usual, tensions are running high and instead of appropriate action there was mere reaction. A need for vengeance and a need to send a message to other offenders about fighting security. I wasn't resisting and I was stating that as loud as I could until a blow caused me to lose my breath because I suffer from asthma and seizures. Then I was slammed received a blow to the neck and was maced. I tried to explain to them that I had asthma and seizure and couldn't breathe and my pleas and compliance went ignored. Instead I was handcuffed, lifted and dragged like a captured animal from the dorm while the beating continued and obscenities were screamed at me.

I was dragged to (and beat) Cell Block B. This was done because the cameras are not up yet. The cameras in D Block are up and were placed there after another offender won his suit in which he was a victim of excessive force. A regular practice of officers is the taking of an inmate to a secluded spot to beat him. B block hasn't had its cameras put in place. Note: B block is usually where East Yard Inmates go to lock down and D block is where most West Yard Inmates go to lock down. Also Another practice is that when there is a confrontation with security The offender and the officer are taken to medical. She never went to medical according to reports and the only other person that went to medical was Capt. Jones. And myself, After A Detoured Stop At B Block. This is where Warden Benjamin and other officers came into play at. I was still cuffed and held down while I was repeatedly beat on by Warden Benjamin and other officers. Defendants, Major Lollis and Capt. Jones held me down while this was happening. I sustained injuries such as bleeding from the nose and mouth swelling, cuts, bruises and abrasions and muscle soreness. I was striped and thrown in the shower. Hours later I was seen by medical. I

have a witness to this incident but for the time being will keep him protected. Days later I continue to be harassed and threatened by officers.

***All State employees*** are governed by the Louisiana Code of Governmental Ethics *(La. R.S. 1950, Title 42, Chapter 15)*, and the Code of Ethics and regulations of the Department of Corrections. One of the goals is to provide safety of staff and offender by maintaining an organized and Disciplined system of operation. Each employee receives training to provide them with the essential knowledge, skills, abilities, and attitudes, needed to perform their duties with efficiency. The primary source of authority for correctional officer is found in Departmental Regulations. These regulations outline the laws governing your responsibility and authority. In this one small incident several employee rules were violated. ***Abuse of Offenders, Corporal punishment or Use of Unnecessary or Excessive*** Force, in the form of physical abuse is forbidden. In accordance with Penitentiary Directive 09.002 and Department Regulation c-02-006 Officers used more than reasonable force in application. Even if he was the perp, he had fled the scene and was not in the act to have to be attacked to prevent harm to the officer. All Defendants named herein are trained and 4 or more of the involved parties significantly outweigh Mr. Timothy Jones. In addition there were many other officers present. This situation was well under control, provided Jones was the actual perpetrator of the offense; he was, according to reports, in the dorm, not in the commission of an offense. Also in place, is a De-Escalation process (B-09-030), in the event an offender becomes upset. In this instant they were loud and boisterous in their threats and would have actually been escalating any situation. This is in and of itself is a violation of rules and regulation. Violation 2- ***General Misconduct:*** Said engaged conduct impairs and undermines the safety of staff and offenders in that this behavior could easily set in motion a chain of unnecessary events that could have brought harm to several people. Furthermore, employees should be professional and treat offenders with respect. Violation-3 ***Failure to Follow Orders***: Employees must obey all Department Regulations, Unit Policy and Procedures, Post Orders, Civil Service Rules and other written procedures and policies. And, a final violation of Malfeasance part a. **Each employee must** perform his duties properly and free from negligence so as to fulfill the purpose and responsibilities of his assignment. Proper protocol is to take offender to the Triage Center, the detour in and of itself is evidence of some sinister intent. Violation-4, ***Falsifying Documents***. The write up and other documentation that goes with confrontation with an officer was fabricated to make it appear that I was resisting to the point that such force was warranted and as a cover up for the use of excessive force. The reports conflict. The situation was under control, The kicking, hitting, and after-beating were unwarranted, and clearly against the law, rules, regulations and in violation of the Eighth Amendment of the United States Constitution. In addition we view the fact that this is a culture in this prison. Trained officers often abuse their authority and act in an unprofessional way. The aggression is something akin to the Stanford experiment, where a group of college students were made guards and another group inmates. The aggression became so great that the experiment had to be terminated. This behavior is

being excused and covered up by everyone from the head Warden on down by way of giving such officers institutional slaps on the wrist, providing them with legal representation when it goes to court with the knowledge that most offenders cannot prosecute a case against an attorney nor can they afford representation or do the footwork needed to prepare a proper case. Still it is by these means that I must exhaust my remedies. It is for the foregoing reasons that I request the following.

**Relief Requested:**

1. A VR-1 be issued within the institution, and the West Feliciana Sheriffs Department be contacted for filing a criminal assault violation report against Defendants Major Peter Lollis, Lt. Wyvonna Kettley, Capt. Bradley Arvie, Capt. Marcus Jones and others that may be named later for failure to report Excessive force such as other ranking officers, EMT's or other officers. Warden Benjamin is also a defendant in this incident who came into play at B block.
2. That these officers be suspended pending investigation and the out come of said investigation.
3. Major Peter Lollis, Lt. Wyvonna Kettley, Capt. Bradley Arvie, Capt. Marcus Jones and Warden Benjamin's PES/employee file, with respects to all complaints be sealed and made a part of the administrative record for purposes of judicial review.
4. That a meaningful investigation (more than taking their denial as truth) be performed by Investigative Services including submission to lie detector tests be administered on both he and I; and that costs of the investigation be assessed against these officers as restitution to deter future similar conduct.
5. No form of retaliation immediate or future be taken against me by this employee or any of his colleagues.
6. That the video footage of Walnut 1 on February 4, 2018, dormitory on the night and time of the offense be preserved as evidence.

[signature] 713801 2-15-2018

Inmate's Signature DOC# Date

C.C.-Family

C.C.-Lawyer

CASE NUMBER: LSP-2018-0340

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: JONES, TIMOTHY 713801

CBB U/L
Living Quarters

Response to request dated , received in this office on 02/20/2018

In the complaint received 2/20/18, Offender Timothy Jones #713801 stated that he was escorted to B block and that excessive force was used on him by officers. In response to Offender Jones' allegations, Captain Marcus Jones stated that he responded to a beeper activation where he assisted in restraining Offender Jones #713801, due to him being very combative toward security. In response to Offender Jones' allegations, Major Peter Lollis stated that he only used the minimum necessary force to gain compliance of Offender Jones #713801. In response to Offender Jones' allegations, Lieutenant Wyvonna Kettley stated that she responded to a beeper activation on Walnut Unit where she found that the beeper had been activated due to Offender Jones had attacked the cadet on the unit. Lieutenant Kettley stated that at no time during the incident was excessive force used against Offender Jones #713801. In response to Offender Jones' allegations, Assistant Warden Kevin Benjamin, stated that on 2/20/18, he responded to an incident that occurred on the west yard involving Offender Jones #713801 and a cadet where he physically assaulted the cadet. Assistant Warden Benjamin further stated that when he arrived to Main Prison Cell Block, Offender Jones was being escorted to CBB Administration Segregation by Captain Jones and Major Lollis where he waited to be seen by medical. He added that at no time was excessive force used against Offender Jones #713801. No evidence is found to support your allegations. Your request for Administrative Remedy is denied.

Prepared by: [signature]
Keairra Smith, Sergeant

Approved by : [signature]
Joseph Lamartiniere, Deputy Warden V/Security

A-18-18
Date

[signature]
Unit Head

Instructions to Offender: If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

(✓) I am not satisfied with this response and wish to proceed to Step Two.

Reason:
I am not satisfied with the results reason being that per medical records and examination and xrays taken by doctor my ribs were cracked, I had scraths bruised and swelling to my head, neck, face, and chest, let the records also reflect that not only are video cameras posted throughout the dormatory (Walnut 1) where the incident initially happened, per procedure body cameras are worn by ranked officials and 1st respondants to a beeper activation and are supposed to be activated and recording during a beeper activation and alleged altercation. Furthermore per report made by Major Peter Lollis, which is supposed to be made clear and precised and also detailed, Major Peter Lollis stated only force used was minimal amount of mace which is not consistant with reports made by nurses and also the doctor. In conclusion, I feel that constant mention of an allege altercation with myself and another officer who I supposedly attacked throughout the ARP Response is to justify the excessive force. The ARP was not for the [illegible] up which is not the matter but the excessive forced used [illegible]

Date Offender's Signature DOC#

Date

Offender's Signature DOC#

**ARP Statement**
**LSP-2018-0346**

On 2/20/2018, I, Assistant Warden Kevin Benjamin, responded to an incident that occurred on the West Yard involving Offender Timothy Jones #713801. Offender Jones #713801 physically assaulted Cadet Snowden. When I arrived on the MP Cellblock walk, Offender Jones #713801 was being escorted to CBB administrative segregation by Captain Jones and Major Lollis. At no time was excessive force used on Offender Jones #713801. Offender Jones #713801 was immediately placed in CBB Lower/Right shower, waiting to be seen by medical personnel. At no time did I, Assistant Warden Benjamin, assist in restraining Offender Jones #713801. I am very professional when dealing with offenders.

[signature]
Assistant Warden Kevin Benjamin

2-20-18
Date

MARCH 16, 2018

I, Lt. Wyvonna Kettley, responded to a beeper activation on Walnut Unit. Upon arriving on Walnut Unit, it was reported by Cadet Snowden that she was attacked by an offender. It was found that Cadet Snowden's attacker was Offender Timothy Jones #713801. At no time was excessive force used against Offender Jones #713801 during this incident.

Lt Wyvonna Kettley

Wyvonna Kettley Lt.

MP West Yard A-Team

Louisiana State Penitentiary
Angola, Louisiana

# ARP STATEMENT

ARP NUMBER LSP-2018-0346 DATE: March 21, 2018

Offender's Name and Number: Timothy Jones #713801

*In regards to the above aforementioned Request for Administrative Remedy, I, Captain Marcus Jones, do hereby state the following: On the date February 4, 2018, I Capt. Marcus Jones responded to a beeper activation on Walnut Unit. Upon entering the unit, I only assisted in restraining offender Timothy Jones #713801 who was resisting by pulling away and being very combative toward security. Once Offender Jones was restrained he was escorted to CBB and placed in the shower pending cell space. Offender Jones was seen by medical immediately falling this incident. At, no time did I use excessive force. I conduct myself in a professional manner at all time.*

I have no knowledge of anything other than what I have addressed in my response to this ARP. This is for your information and further handling.

[signature] Capt.

Captain Marcus Jones
MP Cellblock A- Team

Louisiana State Penitentiary
Angola, Louisiana

# ARP STATEMENT

ARP NUMBER: LSP-2018-0346 DATE: March 21, 2018

Inmate's Name and Number: Timothy Jones #713801

In regards to the above mentioned Request for Administrative Remedy, I, Major Peter Lollis have the following to offer:

During this incident that took place on February 4, 2018, at approximately 6:20 am, involving Offender Timothy Jones #713801; I only used the necessary force needed to gain compliance of Offender Jones.

I have always conducted myself in a professional manner, in compliance with Department Regulations. I would never use my position of authority to assault an offender. Offender Jones was being combative during this incident, and imposed a threat to both myself, and fellow officers.

In order to gain his compliance, minimum force was used. This is for your information and further disposition...

Peter Lollis, Maj.

Peter Lollis, Major
MPWY, A-Team Supervisor

# LOUISIANA STATE PENITENTIARY

## Statement

**DATE:** **March 21, 2018**

**RE:** **ARP Statement**

Captain Arvie is currently out on Leave and a statement cannot be obtain for ARP Timothy Jones #713801 LSP 2018-0346 at this time.

Maj Pat Tolle

4/C (PD)

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
DISCIPLINARY REPORT
INSTITUTION: L.S.P. ANGOLA

CBBMIL

| 1. Name of Inmate | 2. Number | 3. Date of Incident | 4. Time of Incident |
|---|---|---|---|
| Timothy Jones | 713801 | February 4, 2018 | Approx. 6:20 am |

| 5. Place of Incident | 6. Job Assignment (Inmate) | 7. Housing Assignment (Inmate) |
|---|---|---|
| Walnut One | Line 6 | Walnut One |

| 8. Rule Violated | 9. Rule Number |
|---|---|
| Defiance, & Aggravated Disobedience | #3, #5, |

10. Description of Incident (Include all relevant information – "unusual offender behavior, staff witnesses, physical evidence & disposition, immediate action including use of force"; use other side if necessary).

On the above date and approximate time, I, Major Peter Lollis was notified by Control Center via radio of a beeper activation on Walnut Unit. I then activated the West Yard Camera, and proceeded to Walnut Unit. When I arrived on the unit, with the assistance of Capt. Bradley Arvie, Lt. Wyvonna Kettley, I was informed by Cadet Niesha Snowden that Offender Timothy Jones #713801 had assaulted her. I then entered the dorm in search of Offender Jones. Offender Jones was found in Walnut One in his bed, underneath the covers, fully dressed, hiding. I gave Offender Jones several direct verbal orders to get out of his bed. Offender Jones refused all orders given and began to become combative, stating "Man, what the fuck you fucking with me for", in an aggressive manner. I then gave Offender Jones another direct verbal order to get out of his bed, and Offender Jones then became more combative and started to resist me, by wrestling and pulling away from me. I then administered the minimum amount of Sabre Red Chemical Agent into Offender Jones face, to gain compliance of Offender Jones. Offender Jones then became compliant and allowed me to place the handcuffs on him. Offender Jones was then escorted off of the unit, to CBB Administrative Segregation, given a shower, and a clean jumpsuit. Afterwards, Offender Jones was escorted to the treatment center by Capt. Marcus Jones. Offender Jones was evaluated by medical personnel, and cleared to return to CBB Administrative Segregation...

11. Inmate Placed in Admin. Seg. [X] YES [ ] NO

12. Signature of reporting employee: *[signature]*

13. Name, Title, Assignment (Print): Peter Lollis, Major MPWY A-Team Supervisor

14. Date of Report: February 4, 2018

15. Time of Report: 9:30 pm

16. Report (copy) given to the above inmate by: *PD*

17. Inmate's Signature: *Not Present*

18. Plea by Inmate: [X] Not Guilty [ ] Guilty

19. Verdict: [ ] Not Guilty [X] Guilty

20. Date of Hearing: *2/6/18, 2/8/18, 2/12/18.*

21. Counsel Substitute DOC#: *[illegible], 312002, 351818*

22. Motions: *[illegible handwriting]*

23. Reasons for Disposition:
[X] Report is clear and precise. [X] Lack of a credible defense/little or no defense. [ ] Based on his statement.
[X] The officer's version is determined to be more credible than the inmate's. [ ] Pled guilty/accepted guilty plea.
[X] Only defense is denying contents of report.. [X] The inmate presented no evidence to refute the charges.
[ ] The investigative officer's testimony was deemed more truthful and accurate than the inmate's. [ ] Plea bargain
[ ] The inmate's demeanor led the board to believe that the inmate's testimony was untrue.
[ ] Other

24. Reasons for Sentence:
[X] Seriousness of offense. [X] The need to protect the institution, employee, or other.
[ ] Poor Conduct record. A total of ______ rule violation(s). A total of ______ Schedule B violations since ______
A total of ______ # ______ rule violations since ______

[ ] Other *[illegible handwriting]*

25. Sentence: *#3 - (12) weeks loss of [illegible]* Suspended [ ] ______ Days Imposed *[X]*

26. Sentence: *#5 - [illegible] to single [illegible] Ext. [illegible]* Suspended [ ] ______ Days Imposed *[X]*

27. DISCIPLINARY BOARD:
Cost may be imposed for any property loss, damage, or medical expense occasioned through the fault of an inmate who in so causing the loss, damage, or medical expenses also is found guilty through the disciplinary process of violating one or more of the rules set out in the Disciplinary Rules and Procedures for Adult Inmates.

*[signature]*
CHAIRMAN (DISCIPLINARY OFFICER)

*Tammy Hendrickson*
MEMBER

SCANNED

9

LOUISIANA STATE PENITENTIARY

ANGOLA, LOUISIANA

ARP NUMBER: LSP - 2018 - 0346

---

RE: TIMOTHY JONES 713801

LOCATION: ___O Jag 4/R___

I HEREBY ACKNOWLEDGE RECEIPT OF 1ST STEP RESPONSE FORM REGARDING REQUEST FOR REMEDY NUMBER LSP-2018-0346.

RECEIVED BY: ___[signature] 713801___
(INMATE'S NAME & NUMBER)

DATE RECEIVED: ___8-3-18___

DELIVERED BY: ___Sgt [signature]___

================================================================================

1. Have the inmate sign this receipt.

2. Delivery Officer signs the reciept and dates it.

3. Give the Inmate the Manila Envelope and contents.

4. Return the reciept to LEGAL PROGRAMS DEPARTMENT.

DUE BACK DATE

APR 26 2018

RECEIVED

MAY 08 2018

LEGAL PROGRAMS DEPARTMENT

4/20

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: LSP-2018 -0346

TO: TIMOTHY JONES 713801 — Offender's Name and Number

CBB U/L — Living Quarters

02-04-2018
Date of Incident

X ACCEPTED: This request comes to you from the Wardens Office. A response will be issued within 40 days of this date.

REJECTED: Your request has been rejected for the following reason(s):

03/06/2018
Date

Nyesha Kelly
Warden's Signature or Designee

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: JONES, TIMOTHY 713801

CBB U/L
Living Quarters

~~Response to request dated , received in this office on 02/20/2018~~

In the complaint received 2/20/18, Offender Timothy Jones #713801 stated that he was escorted to B block and that excessive force was used on him by officers. In response to Offender Jones' allegations, Captain Marcus Jones stated that he responded to a beeper activation where he assisted in restraining Offender Jones #713801, due to him being very combative toward security. In response to Offender Jones' allegations, Major Peter Lollis stated that he only used the minimum necessary force to gain compliance of Offender Jones #713801. In response to Offender Jones' allegations, Lieutenant Wyvonna Kettley stated that she responded to a beeper activation on Walnut Unit where she found that the beeper had been activated due to Offender Jones had attacked the cadet on the unit. Lieutenant Kettley stated that at no time during the incident was excessive force used against Offender Jones #713801. In response to Offender Jones' allegations, Assistant Warden Kevin Benjamin, stated that on 2/20/18, he responded to an incident that occurred on the west yard involving Offender Jones #713801 and a cadet where he physically assaulted the cadet. Assistant Warden Benjamin further stated that when he arrived to Main Prison Cell Block, Offender Jones was being escorted to CBB Administration Segregation by Captain Jones and Major Lollis where he waited to be seen by medical. He added that at no time was excessive force used against Offender Jones #713801. No evidence is found to support your allegations. Your request for Administrative Remedy is denied.

Prepared by: [signature]
[redacted]

Approved by: [signature]
[redacted]

4-18-18
Date

[signature]
Unit Head

Instructions to Offender: If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

( ) I am not satisfied with this response and wish to proceed to Step Two.

Reason:

______________________________

Date

Offender's Signature DOC#

Date

Offender's Signature DOC#

La. State Penitentiary 17455 Tunica Trace Angola, LA 70712 Ph. 225-655-2286

ROBERT E. BARROW, JR. TREATMENT CENTER
ACCIDENT / INJURY REPORT
VITAL STATISTICS

DATE: 02 / 04 / 2018 TIME SEEN: 11 : 29

NAME: Timothy Jones DOC#: 713801 AGE: [redacted] RACE: B

LIVING QUARTERS: Wal-1 JOB ASSIGNMENT: LC LAST TETANUS: ?

| MEDICATIONS: Acetaminophen, Amlodipine, HCTZ, Loratadine, Phenytoin, Doxepin HCl, | ALLERGIES: NKDA |
|---|---|

| DATE OF ACCIDENT: 2/4/18 | TIME OF ACCIDENT: 0600 | ACCIDENT LOCATION: Wal-1 |
|---|---|---|

| TIME | B/P | PULSE | RESP | LOC | TEMP | BS/SpO2 |
|---|---|---|---|---|---|---|
| 11:30 | 132/57 | 80 | 18 | A+Ox4 | | 100 |
| 12:30 | 130/60 | 69 | 14 | A | — | — |
| | | | | | | |

CHIEF COMPLAINT AND INITIAL ASSESSMENT

CHIEF COMPLAINT, HISTORY AND ASSESSMENT: [illegible handwritten assessment, struck through]

MEDIC SIGNATURE: [signature] #515

PHYSICIAN ASSESSMENT AND TREATMENT

☐CATEGORY A ☐CATEGORY B ☐CATEGORY C

***SEE DEFINITIONS ON THE BACK OF THIS SHEET FOR EXPLANATION OF CATEGORY***

Per ATU Protocol - IBU given. OTC Form filled out

1) X-rays: Chestwall, Skull / Reports Negative

2) IBU 800 given

3) All meds intact

4) Body Chart done

☐Duty Status ☐Appointment

☐Diet ☐Dressing Change

PHYSICIAN SIGNATURE: [signature]

| TIME LEFT: 1236 | TRANSPORTATION: Self | DESTINATION: KTO |
|---|---|---|

LOUISIANA STATE PENITENTIARY
R. E. BARROW, JR. TREATMENT CENTER

NEUROLOGICAL EXAM
BODY CHART

NAME: Timothy Jones DOC#: 713901 DATE: 2/4/19







LSP-TC 12 Rev. 07/2011 BODY CHART

Sun - Wolent

Form HC-01-A
14 September 2009

014781

**Health Care Request Form**

Institution: LSP

Timothy Jones — Name | 713801 — DOC# | [redacted] — Age | CBB U/L — Housing | Line 6 — Job Assignment:

**OFFENDER TO COMPLETE THIS SECTION ONLY— COMPLAINT AND/OR REQUEST:**

neck, head, chest 4 (R) side

SDE

**Health Care Personnel Screening:** Date: 02/07/18 Time: 0520 Location Seen: CBB

(Circle One) Emergency / Routine Sick Call / Work Related Allergies: Fish - per computer

B/P 130/78 Pulse 84 Resp 16 Temp ______ Other ______

**Assessment/Comment:** pt ambulatory to cell bars s̄ difficulty or assistance, AAOx4. Pt c/o head, neck, (R) side chest & (R) side pain x 3 days. pt claims he was in confrontation with security on 2/4/18. And was never seen. pt has ∅ obvious s/s of trauma noted to head. PERRL. claims sensitivity to light. pt turns head side to side s̄ difficulty. MAE WNL. pt has ∅ swelling, discoloration or spasms noted to neck. pt states pain in (R) side of chest; mostly upon inspiration. BBS CTA ⓑ RIF pain non-radiating. Rates pain as a "6" on 1-10 pain scale. APAP. Norvasc. HCTZ. Claritin. Dilantin. Doxepin HCL.

**Disposition:** pt has ∅ swelling, discoloration or obvious deformities noted to chest, (R) side or back. Speaks in full, unbroken sentences. NAD noted.
- pt was evaluated in ATU & had x-rays p̄ confrontation.

**Health Care Practitioner Notes:**

**New Medications Ordered:** Continue meds as Rx'd - SICPRN

Total #:

Screener's Signature: [signature] NRS

HCP's Signature: [signature] Date: 2/8/18

☐ No Fees ☐ $3 Access Fee ☒ $6 Access Fee ☐ $2 for Each Prescription Fee: $ ______ Total: $ 6.00

I understand that in accordance with Dept. Reg. No. B-06-001, I will be charged $3.00 for routine requests for health care services, $6.00 for emergency requests and $2.00 for each new prescription written and dispensed to me, with the exceptions noted in the referenced regulation. I am aware that if I declare myself a medical emergency and health care staff determine that an emergency does not exist, I may be subject to disciplinary action for malingering.

[signature] — Offender's Signature | 713801 — DOC# | 2/7/18 — Date | [signature] — Witness Signature

Original - Offender's Medical Record Yellow - Business Office Pink - Offender's Copy

ANGOLA STATE PRISON

[redacted]

| | | | |
|---|---|---|---|
| Name: | Timothy Jones | Exam Date: | 02/04/2018 11:55 AM |
| Patient ID: | 300206912 | Exam: | XR CHEST 2 VIEWS \| 71046 |
| DOB: | 10/29/1989 | Referrer: | Physician Unknown, |
| Phone: | | | |
| Acc #: | 3490614 | | |
| Secondary ID: | 713801 | | |

Laffleur

EXAM: XR CHEST 2 VIEWS

CLINICAL HISTORY: Trauma.

FINDINGS: No infiltrate or effusion. Heart size normal. No fractures are seen. No significant change from prior exam dated 8/4/2017. Calcified granuloma again noted at the right middle lobe.

IMPRESSION: No acute process. No significant change from prior exam.

Report Electronically Signed by: Robert Miller MD
Report Electronically Signed on: 02/04/2018

| | | | |
|---|---|---|---|
| Patient Name: | Timothy Jones | Exam: | XR CHEST 2 VIEWS \| 71046 |
| Patient ID: | 300206912 | Acc #: | 3490614 |
| Completed Date: | 02/04/2018 11:55 AM | Interpreting Rad: | Robert Miller MD |
| Transcribed By: | P360 PowerScribe | Dictated Date: | 02/04/2018 12:18 PM |
| Transcribed Date: | 02/04/2018 | Finalized Date: | 02/04/2018 12:18 PM |

ANGOLA STATE PRISON

[redacted]

Name: Timothy Jones
Patient ID: 300206912
DOB: 10/29/1969
Phone:
Acc #: 3490616
Secondary ID: 713801

Exam Date: 02/04/2018 11:58 AM
Exam: XR SKULL COMP MIN 4 VIEWS | 70260
Referrer: Physician Unknown,

EXAM: XR SKULL COMP MIN 4 VIEWS

CLINICAL HISTORY: Trauma, initial encounter.

FINDINGS: No fracture seen. There is a small metallic foreign body in the left temporal region.

IMPRESSION: Negative for fracture.

Report Electronically Signed by: Robert Miller MD
Report Electronically Signed on: 02/04/2018

Patient Name: Timothy Jones
Patient ID: 300206912
Completed Date: 02/04/2018 11:58 AM
Transcribed By: P360 PowerScribe
Transcribed Date: 02/04/2018

Exam: XR SKULL COMP MIN 4 VIEWS | 70260
Acc #: 3490616
Interpreting Rad: Robert Miller MD
Dictated Date: 02/04/2018 12:18 PM
Finalized Date: 02/04/2018 12:18 PM

Pt. got shot?

2/5/18

LOUISIANA STATE PENITENTIARY
R. E. BARROW, JR. TREATMENT CENTER

DIAGNOSTIC RADIOLOGY

o Clinic
o In-patient - Location Room/Bed ____
x Emergency Room
o Isolation

Diagnosis & Pertinent Clinical Information: Contraction

NAME: Timothy Jones
DOC#: 713807
LOCATION: Wal! 1
AGE: 28
RACE: B

Date Exam Desired: 2/4/18
Physician: Lafleur

Previous X-Ray Done:
o Yes
o No

Exam Date:
Exam Time: AM PM

Examination Ordered: CHEST WALL, Skull

Technician Remarks:

Technician Initials:

LSP-TCXR 02 Rev. 04/2012

DIAGNOSTIC RADIOLOGY