**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **TIMOTHY JONES** | : | **CIVIL ACTION** |
| | : | **NO. 18-885** |
| **VERSUS** | | |
| | : | **JUDGE SHELLY D. DICK** |
| **MAJOR PETER LOLLIS, ET AL** | : | **MAGISTRATE JUDGE ERIN WILDER-DOOMES** |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**NOW INTO COURT**, through undersigned counsel come defendants, MAJOR PETER LOLLIS, CAPTAIN MARCUS JONES, and FORMER WARDEN KEVIN BENJAMIN, who respectfully responds to Plaintiff's First Set of Requests for Production of Documents as follows:

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

Please provide any and all recorded or written statements taken in this matter.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1**

Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of relevant information. Defendants further object to this Request on the grounds that it is repetitive, duplicative, and seek information and/or documents sought by other Interrogatories or Requests.

Subject to and without waiving these objections, any such information would have already been produced to Plaintiff in Defendants' 26(a) Initial Disclosures.

Subject to and without waiving these exceptions, Defendants refer Plaintiff to attached delivery receipt.

EXHIBIT 8

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2**

Please produce certified or verified copies or originals of each policy of insurance which does or may offer any coverage for the incident(s) which is the subject matter of this lawsuit. With regard to each such contract, policy and/or agreement, please provide (a) the effective and expiration dates of coverage; (b) whether excess or primary; and (c) the limits of liability coverage.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2**

Defendants object to this Request on the grounds that it seeks information that is neither relevant nor likely to lead to the discovery of relevant information. Specifically, the claims asserted in the Plaintiff's Complaint are covered by the State of Louisiana's self – insurance program, which is funded by the State of Louisiana's Self – Insurance Fund. As such, pursuant to La. R.S. 39:1538(4), the Plaintiff has no right of direct action against the Self – Insurance Fund has no enforceable right to have such claims satisfied or paid from the Self – Insurance Fund.

Subject to and without waiving these objections, Defendants refer Plaintiff to attached Certificate of Insurance.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3**

Please provide copies of all correspondence in which your insurer denied, declined and/or reserved rights regarding your coverage of the liability asserted against you in this matter, including correspondence with you or the named insured, its agent and/or broker.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3**

See Response to Request for Production No. 2. Defendants further respond to this Request that no such documents exist.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4**

Please produce any exhibits which you may offer at the trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4**

Defendants object to this Request to the extent that it seeks information protected by the attorney – client privilege, the work – product doctrine, and/or any other applicable privilege or protection. Defendants further object to this Request to the extent that it seeks documents and/or information that would reveal the mental impressions, opinions, or trial strategy of the Defendants' attorneys and, therefore, are not discoverable. Additionally, Defendants object to this Request, as it is overly broad, unduly burdensome, and seeks documents and/or information that are neither relevant nor likely to lead to the discovery of relevant information.

Subject to and without waiving these objections, Defendants have yet to determine each and every exhibit that they may or will introduce into evidence or use at a trial of this matter. Defendants will identify their trial exhibits in accordance with the Court's scheduling order.

Defendants reserve the right to supplement this response, as discovery is ongoing.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5**

Please produce each document identified in your answers to interrogatories above.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5**

- ORM Certificate of Insurance
- Department Regulation C-02-006 governing Use of Force
- Lt. Wyvonna Kettley statement in ARP LSP No. 2018-0346
- Defendant Jones statement in ARP LSP No. 2018-0346
- Cadet Niesha Snowden's Unusual Occurrence Report
- Defendant Lollis' Unusual Occurrence Report
- MSgt. Kirk Templeton Unusual Occurrence Report

Other than ORM Certificate of Insurance and Use of Force Policy, all other documents were produced with Defendants' Initial Disclosures. Defendants refer Plaintiff to attached delivery receipt.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6**

Please produce for each expert the following:

a. List of each opinion;

b. List of each fact relied upon for each opinion;

c. All studies and/or tests relied upon for each opinion;

d. Rate of compensation paid and/or owing for services; and

e. List of all cases within the past 5 years in which the expert has provided trail or deposition testimony.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6**

Defendants object to this Request to the extent that it seeks information protected by the attorney – client privilege, the work – product doctrine, and/or any other applicable privilege or protection. Defendants further object to this Request to the extent that it seeks documents and/or information that would reveal the mental impressions, opinions, or trial strategy of the Defendants' attorneys and, therefore, are not discoverable. Additionally, Defendants object to this Request, as it is overly broad, unduly burdensome, and seeks documents and/or information that are neither relevant nor likely to lead to the discovery of relevant information.

Subject to and without waiving these objections, Defendants have yet to determine each and every expert that they may or will use at a trial of this matter. Defendants will identify their experts in accordance with the Court's scheduling order.

Defendants reserve the right to supplement this response, as discovery is ongoing.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7**

Produce legible copies of all photographs, diagrams and/or videotapes taken or drawn by you or on your behalf purporting to show the place or circumstances of the incident of MR. JOHN THOMAS.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7**

Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of relevant information. Defendants further object to this Request on the grounds that it is repetitive, duplicative, and seek information and/or documents sought by other Interrogatories or Requests. Subject to and without waiving these objections, Defendants are not in possession of any photographs, diagrams, or videotapes.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8**

Produce copies of all documents referred to or relied upon in formulating your responses to the interrogatories propounded by you.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8**

Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of relevant information. Defendants further object to this Request on the grounds that it is repetitive, duplicative, and seek information and/or documents sought by other Interrogatories or Requests.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9**

All UORs, accident reports, incident reports, ambulance run reports, newspaper articles or television new report which relate to the incident in your possession.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9**

Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of relevant information. Defendants further object to this Request on the grounds that it is repetitive, duplicative, and seek information and/or documents sought by other Interrogatories or Requests.

Subject to and without waiving these objections, Defendants produced requested information which was in their possession with their Initial Disclosures. Defendants refer Plaintiff to attached delivery receipt.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10**

Produce the personnel file for each Defendant, including all use of force reports and disciplinary matters.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10**

Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, improper, and seeks information that is neither relevant nor likely to lead to the discovery of relevant information. Defendants further object to this Request to the extent that it seeks information and/or documents that are inadmissible extrinsic acts according to Fed. R. Evid. 404(b), highly prejudicial, and inadmissible hearsay.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11**

Please produce any medical or health care, employment, or income related record you have in your possession for MR. TIMOTHY JONES from the date of the incident to present.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11**

Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, improper, and seeks information that is neither relevant nor likely to lead to the discovery of relevant information. Subject to and without waiving these objections, Defendants already provided Plaintiff with medical and mental health records in their 29(a) Initial Disclosures. Defendants refer Plaintiff to the signed delivery receipt attached.

**REQUEST FOR PRODUCTION NO. 12:**

All ARPs filed against any of the Defendants herein for the time period of three months before and after February 4, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12**

See Response No. 10.

**REQUEST FOR PRODUCTION NO. 13:**

Produce the entire master prisoner file of MR. TIMOTHY JONES, including all ARPs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of relevant information. Defendants further object to this Request to the extent that it seeks information or documents already within the knowledge and/or control of the Plaintiff and is readily available to the Plaintiff.

Subject to and without waiving these objections, this information has already been provided with Defendants' 26(a) Initial Disclosures. Defendants refer Plaintiff to signed delivery receipt attached.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce a copy of ALL depositions, of Plaintiff, obtained by Defendant, from any source.

**RESPONSE TO REQUEST NO. 14:**

Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of relevant information. Defendants further object to this Request to the extent that it seeks information or documents already within the knowledge and/or control of the Plaintiff and is readily available to the Plaintiff.

Subject to and without waiving these objections, Defendants are not in possession of any documents sought by this Request since the Plaintiff has not yet been deposed.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15**

Please produce a copy of ALL criminal records, of Plaintiff, obtained by Defendant, from any source.

**RESPONSE TO REQUEST NO. 15:**

Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of relevant information. Defendants further object to this Request on the grounds that it is repetitive, duplicative, and seek information and/or documents sought by other Interrogatories or Requests. Additionally, Defendants object to this Request to the extent that it seeks information or documents already within the knowledge and/or control of the Plaintiff and is readily available to the Plaintiff.

Subject to and without waiving these objections, other than records contained in Plaintiff's previously provided Master Prison Record, Defendants are not in possession of any criminal records of Plaintiff.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16**

Please produce a copy of All social security records, of Plaintiff, obtained by Defendant, from any source.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of relevant information. Defendants further object to this Request on the grounds that it is repetitive, duplicative, and seek information and/or documents sought by other Interrogatories or Requests. Additionally, Defendants object to this Request to the extent that it seeks information or documents already within the knowledge and/or control of the Plaintiff and is readily available to the Plaintiff.

Subject to and without waiving these objections, Defendants are not in possession of any social security records of Plaintiff.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17**

Please produce a copy of ALL unemployment benefit records, of Plaintiff, obtained by Defendant, from any source.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17**

Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of relevant information. Defendants further object to this Request on the grounds that

it is repetitive, duplicative, and seek information and/or documents sought by other Interrogatories or Requests. Additionally, Defendants object to this Request to the extent that it seeks information or documents already within the knowledge and/or control of the Plaintiff and is readily available to the Plaintiff.

Subject to and without waiving these objections, Defendants are not in possession of any unemployment benefit records of Plaintiff.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18**

Please produce a copy of ALL military records, of Plaintiff, obtained by Defendant, from any source.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18**

Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of relevant information. Defendants further object to this Request on the grounds that it is repetitive, duplicative, and seek information and/or documents sought by other Interrogatories or Requests. Additionally, Defendants object to this Request to the extent that it seeks information or documents already within the knowledge and/or control of the Plaintiff and is readily available to the Plaintiff.

Subject to and without waiving these objections, Defendants are not in possession of any military records of Plaintiff.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19**

Please produce a copy of ALL recorded statements including photographs, audio or video, of Plaintiff, obtained by Defendant, from any source.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of relevant information. Defendants further object to this Request on the grounds that it is repetitive, duplicative, and seek information and/or documents sought by other Interrogatories or Requests. Additionally, Defendants object to this Request to the extent that it seeks information or documents already within the knowledge and/or control of the Plaintiff and is readily available to the Plaintiff.

Subject to and without waiving these objections, any such information would have already been produced to Plaintiff in Defendants' 26(a) Initial Disclosures. See attached delivery receipt.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20**

Please produce a copy of ALL trial transcripts, of Plaintiff, obtained by Defendant, from any source.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20**

Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of relevant information. Defendants further object to this Request on the grounds that it is repetitive, duplicative, and seek information and/or documents sought by other Interrogatories or Requests. Additionally, Defendants object to this Request to the extent that it seeks information or documents already within the knowledge and/or control of the Plaintiff and is readily available to the Plaintiff.

Subject to and without waiving these objections, Defendants are not in possession of any trial transcripts of Plaintiff.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21**

Please produce a copy of ALL lawsuit records, of Plaintiff, obtained by Defendant, from any source.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21**

Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of relevant information. Defendants further object to this Request on the grounds that it is repetitive, duplicative, and seek information and/or documents sought by other Interrogatories or Requests. Additionally, Defendants object to this Request to the extent that it seeks information or documents already within the knowledge and/or control of the Plaintiff and is readily available to the Plaintiff.

Subject to and without waiving these objections, Defendants are not in possession of any lawsuit records of Plaintiff.

**REQUEST FOR PRODUCTION NUMBER 22.:**

Please produce the log book entries for Walnut Unit, Dorm 1, B-Block and D Block two days before and two days after February 4, 2018.

**RESPONSE TO REQUEST NO. 22:**

A certified copy of Walnut Unit Logbook dated February 4, 2018 was attached to Defendants' Initial Disclosures. See delivery receipt attached.

Respectfully Submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY: ***/s/ Theresa C. Phillips***

**Theresa C. Phillips [LSBA# 36622]**
**Assistant Attorney General**
**Louisiana Department of Justice**
Post Office Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone: 225-326-6300
Facsimile: 225-326-6495
E-mail: phillipsth@ag.louisiana.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this, the 26th day of February, 2019, a copy of the foregoing was provided to inmate plaintiff through his counsel of record via hand-delivery to the below name and address:

Donna U. Grodner
Grodner & Associates
2223 Quail Run, B-1
Baton Rouge, LA. 70808

*/s/Theresa C. Phillips*
Theresa C. Phillips
Assistant Attorney General
*Counsel for Defendants*