**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **TIMOTHY JONES** | : | **CIVIL ACTION** |
| | : | **NO. 18-885** |
| **VERSUS** | | |
| | : | **JUDGE SHELLY D. DICK** |
| **MAJOR PETER LOLLIS, ET AL** | : | **MAGISTRATE JUDGE ERIN WILDER-DOOMES** |

*****************************************************************************

**MEMORANDUM IN SUPPORT OF DEFENDANTS LOLLIS, JONES, and BENJAMIN PARTIAL MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE MOTION TO DISMISS ON THE PLEADINGS**

**NOW INTO COURT,** through undersigned counsel, comes Defendants, Marcus Jones Peter Lollis, and Kevin Benjamin (collectively referred to as Defendants) who, for the following reasons, respectfully move this Honorable Court to grant partial summary judgment in their favor pursuant to Rules 56 and/or 12C of the Federal Rules of Civil Procedure, and dismiss Plaintiff's claims brought against them for the following reasons:

## I. Summary of Argument

The Defendants appear herein for a Motion for Partial Summary Judgement or, Alternatively, FRCP 12 C Motion for Judgement on the Pleadings, to clarify issues for trial. ***It is clear to all parties that there is a "genuine issue of material fact" as to whether the Defendants used excessive or necessary force against the Plaintiff and that issue will go to trial.***[1] This Motion

---

[1] According to the Plaintiff's status report (Rec Doc. 13) and a very liberal reading of the Plaintiff Complaint (Rec Doc.1) the potential issues for trial include the allegations of excessive or unnecessary force and these three issues, retaliation, seizure, and deliberate indifference.

requests summary judgement or FRCP 12C dismissal only regarding whether three distinct causes of action have been sufficiently pled:

1) Whether the Defendants retaliated against the Plaintiff exercising his First Amendment Right to Free Speech [2]or
2) Whether the Defendants violated the Plaintiff Fourth Amendment Right to be free from an unconstitutional seizure.[3] or
3) Whether the Defendants were deliberately indifferent to Plaintiff Serious needs[4]

After review of the Complaint, it is clear that the **personal involvement** necessary was not contained in the Complaint to support any of these other three potential causes of action. The Complaint was not specific in reference to the charges of "retaliation for free speech," there is no mention of what any Defendant may have said or done directly in retaliation.[5] Nor is there, anything but a passing reference to the fact that these defendants, along with other potential future defendants, may be in violation of the Eighth Amendment for Deliberate Indifference to Plaintiff serious need.[6] Additionally, After Cadet Snowden identified the Plaintiff as her attacker[7] there was probable cause to seize the Plaintiff, therefore the Defendants did not violate Plaintiff Fourth Amendment Rights to be free from seizure.[8]

---

[2] Rec. Doc. 1
[3] Rec. Doc. 1
[4] Rec. Doc. 1
[5] Rec. Doc. 1
[6] Rec. Doc. 1
[7] Exhibit DOJ 2 – UOR's of February 4, 2018 (former exhibit 9 on Defendants Daubert Motion)
[8] Exhibit DOJ 2 – UOR's of February 4, 2018

## II. Statement of Case

Plaintiff filed a complaint on October 15, 2018.[9] Plaintiff asserts that Defendants' Jones, Lollis, and Benjamin violated his constitutional rights under the First, Fourth, and Eighth Amendment. Discovery has closed and Cross Motions for Summary Judgement are now due.[10]

## III. Facts as alleged by Defendants.

Plaintiff attacked a female cadet.[11] When defendants were searching for plaintiff, he attempted to hide and became combative while officers were restraining him.[12] Defendants claim that they used the force necessary in order to gain compliance from the plaintiff. [13]

## IV. Facts as Alleged by Plaintiff

On February 4, 2018, around 6:20 A.M., Plaintiff was going to breakfast and went to retrieve his jacket. At that time, security entered the unit (Walnut Unit), screaming, "Everybody get on your beds. Sit up!"[14] Plaintiff alleges he complied with the order. After making several passes and not being able to find who they were looking for, a call came over the radio and Plaintiff was ordered to get out of his bed. As Plaintiff was getting out of his bed, Defendants Major Lollis and Captain Jones allegedly snatched Plaintiff from his top bunk, pulled him off, and began punching him.

Plaintiff says that he later that a security officer had been assaulted and "security was out for vengeance and to send a message to all inmates and punish Timothy Jones with physical force intended to cause bodily injury." Plaintiff alleges he was not resisting. According to Plaintiff,

---

[9] Rec. Doc. 1
[10] Rec Doc 1 and 13
[11] Exhibit DOJ 2 – UOR's of February 4, 2018
[12] Exhibit DOJ 1 – ARP – 2018-346 – including statements from each defendant
[13] Exhibit DOJ 1 – ARP – 2018-346 – including statements from each defendant
[14] Rec. Doc. 1

Defendants Lollis and Jones slammed him to his neck and mace him. Plaintiff claims he was coughing and trying to explain he suffered from asthma and seizures and could not breathe. [15]

Defendants Lollis and Jones allegedly ignored Plaintiff and roughly grabbed him, handcuffed, to Cell Block B, all while continuing to punch him in his head and chest. Plaintiff claims that once in Cellblock B, Defendant Benjamin joined in the beating along with Defendants Lollis and Jones, who also held Plaintiff down while Defendant Benjamin beat Plaintiff. As a result, Plaintiff says he suffered three cracked ribs, bruises to his head, neck, chest, and shoulders, a black eye, scratches to his head, neck, arms, and chest, blurred vision, bleeding and swelling.[16] Plaintiff alleges violations of his 1st, 4th and 8th Amendment rights and State law violations.[17]

## V. <u>THE LAW ON SUMMARY JUDGMENT and JUDGEMENT ON THE PLEADINGS</u>

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact and the moving party is entitled to judgment as a matter of law.[18] Supporting affidavits must set forth facts, which would be admissible in evidence, and opposing responses must set forth specific facts showing that there is a genuine issue for trial. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record, which demonstrates that the non-moving party can show a reasonable jury that it is entitled to a verdict in its favor.[19]

---

[15] Rec Doc 1
[16] Exhibit DOJ 1 – ARP – 2018-346 – including statements from each defendant
See medicals in ARP no fracture.
[17] Rec Doc 1 and 13, Complaint and Status report
[18] FED. R. CIV. P. 56; *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 258 (1986).
[19] *Anderson,* 477 U.S. at 258.

This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.[20] Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case and on which that party will bear the burden of proof at trial.[21] *Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in the favor of the non-moving party.*[22] In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.[23]

Additionally, the Federal Rule of Civil Procedure Rule 12(c) provides "after the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." When a party brings a motion for judgment on the pleadings under Fed. R. Civ. P 12(c), courts apply the same standard as a motion brought under 12(b) (6).[24] The Court should accept well-pled facts as true and view them in the light most favorable to the plaintiff.[25] However, the plaintiff must plead sufficient facts to state a claim of relief that is "plausible on its face."[26]

Here, the Defendants *Motion for Judgment on the Pleadings* will not delay trial, as the trial is not scheduled until July 2019. [27] The Defendants move this Honorable Court for judgment on the pleadings because Plaintiff fails to state a claim upon which relief can be granted. Each of the

---

[20] *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994).
[21] *Celotex Corp. v. Catrett*, 47 U.S. 317, 322 (1986).
[22] *Little*, 37 F.3d at 1076.
[23] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1994), *cert. denied*, 502 U.S. 1059 (1992).
[24] Guidry v. Am. Pub. Life Ins. Co., 512 F.3d 177, 180 (5th Cir. 2007)(*citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007)).
[25] *Id.* (internal citations omitted).
[26] *Id.* (internal citations omitted).
[27] Rec. Doc. 17

three claims mentioned above, Free Speech, Retaliation, and deliberate indifference, filed on behalf of Plaintiff pursuant to 42 U.S.C §1983, should be dismissed.

Defendants, Marcus Jones, Peter Lollis, and Kevin Benjamin satisfies their initial responsibility in moving for summary judgment/and Motion to Dismiss under 12 C by informing the Court of the basis for their motion through the Statement of Undisputed Facts, Affidavits and documents already filed into the Record of this matter.[28] Please note the following:

1. Record Document 1 – The Complaint
2. Record Document 13 - Status Report
3. Exhibit DOJ 1- ARP 2018-346
4. Exhibit DOJ 2 – UOR's dated February 4, 2018

## VI. The Plaintiff Complaint lacks the specificity necessary to find that Defendants Lollis, Jones and Benjamin retaliated against the Plaintiff exercising his First Amendment Right to Free Speech. [29]

Paragraph 23
Free Speech

"Guards are prohibited from punishing inmates for expressing First Amendment speech and from retaliating against inmates for filing ARPs and thereby exercising their legal rights. Defendants violated these prohibitions, which proves their conduct unreasonable per se.[30]"

Plaintiff's *Complaint* contains nothing more than unsupported, conclusory allegations that Defendants violated his rights when they retaliated against him. To prevail on a claim of retaliation,

[28] Defendants respectfully request that the Court take notice of evidence already in the record.
[29] Rec Doc 1- Complaint Paragraph 23
[30] Rec Doc 1- Complaint Paragraph 23

a prisoner must establish four elements: (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right; (3) a retaliatory adverse act; and, (4) causation.[31] The Plaintiff failed to set forth facts to show that Defendants Lollis, Jones and Benjamin, intent, action, or causation, in violation of Plaintiff's clearly established Right to Free Speech. Therefore, this case of action must be dismissed.

## VII. The Plaintiff Complaint lacks the specificity necessary to find that Defendants violated the Plaintiff Fourth Amendment Right to be free from an unconstitutional seizure.[32]

While this is mentioned in the Plaintiff's status report as a cause of action the only mention in the Complaint is in passing. The references are contained in paragraph 34 and 36. The Complaint Provides in Paragraph 34 that the Defendants violated Plaintiffs 8th Amendment rights to be free from unnecessary force …while being seized and /or detained by the Defendant[33]." In addition, in Paragraph 36, the complaint defendants violated Plaintiffs rights under the 4th amendment because there was no need for force. [34]

## VIII. The Plaintiff Complaint lacks the specificity necessary to find that Defendants Lollis Jones and Benjamin were "deliberately indifferent."

The Plaintiff, mentions deliberate indifference in Paragraph 25,

Paragraph 25 provides,

> In the alternative, whether the guards or other guards may have committed the same acts on other inmates is unknown at this time, but where same may be shown, or where ratification of the actions of guards may be shown, or violation of or failure to implement any applicable policies or procedures, there may be other persons at fault where same constitutes a deliberate indifference to the constitutional rights of a detainee. All rights are reserved herein to name additional defendants pending discovery.

---

31 *Morris*, 449 F.3d at 684; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

32 Rec Doc 1-Complaint

33 Rec Doc 1- Complaint

34 Rec Doc 1- Complaint

The Law provides that "A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[35] It does not seem logical that the Defendants in this case are indifferent to the Plaintiff; according to the Plaintiff, they are aggressively applying excessive force to injure him. Therefore, due to the lack of specificity in the Complaint and the very idea that one cannot be aggressive an indifferent at the same time, the Defendants request that this cause of action be dismissed.

As to the three issues stated above, Plaintiff's *Complaint* contains nothing more than unsupported, conclusory allegations that his rights were violated by Defendants. Accordingly, Plaintiff's allegations against Defendants must be dismissed with prejudice, and at Plaintiff's costs.

## IX. CONCLUSION

For the foregoing reasons, there is no genuine issue of material fact with regard to the allegations against Defendants as to whether they retaliated against the Plaintiff exercising his First Amendment Right to Free Speech [36]or violated the Plaintiff Fourth Amendment Right to be free from an unconstitutional seizure.[37] or were deliberately indifferent to Plaintiff Serious needs[38] As such, Defendants are entitled to a Dismissal on the Pleadings under FRCP 12C and partial

[35] *Gobert,* 463 F.3d at 346 (internal citations omitted).
[36] Rec. Doc. 1
[37] Rec. Doc. 1
[38] Rec. Doc. 1

summary judgment as a matter of law and therefore Plaintiff's claims against them for the three specified causes of action must be dismissed, at Plaintiff's costs.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

*/s/ Suzanne Quinlan Mooney* _
Suzanne Quinlan Mooney (23904)
Assistant Attorney General
**Louisiana Department of Justice**
Litigation Division, Civil Rights Section
1885 N. 3rd Street
P. O. Box 94005
Baton Rouge, LA 70804-9005
Telephone: (225) 326-6300
Fax: (225) 326-6495
Email: MooneyS@ag.louisiana.gov
*Attorney for Defendants*