UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TIMOTHY JONES

VERSUS

PETER LOLLIS, MARCUS JONES,
AND KEVIN BENJAMIN

CIVIL ACTION

18-885-SDD-SDJ

### RULING

This matter is before the Court on the *Motion for Partial Summary Judgment or in the Alternative Motion to Dismiss on the Pleadings*[1] filed by Defendants Peter Lollis ("Major Lollis"), Marcus Jones ("Captain Jones"), and Kevin Benjamin ("Warden Benjamin") (collectively, "Defendants"). Plaintiff Timothy Jones ("Plaintiff") has filed an *Opposition*[2] to this motion. For the following reasons, Defendants' *Motion*[3] shall be GRANTED.

Plaintiff Timothy Jones is an inmate housed in the Walnut Unit at the Louisiana State Penitentiary ("LSP").[4] His *Complaint* concerns the events of February 4, 2018, when, he alleges, he was "assaulted/attacked and injured"[5] by Defendants. Plaintiff avers that he was wrongfully singled out by Defendants because "an officer had been assaulted

---

[1] Rec. Doc. 33.
[2] Rec. Doc. 35.
[3] Rec. Doc. 33.
[4] Rec. Doc. No. 1, p. 2.
[5] Rec. Doc. No. 1, p. 2.
60241

and security was out for vengeance and to send a message to all inmates and to punish [him] with physical force intended to cause bodily injury."[6]

The factual nuances of what occurred on February 4, 2018 are not at issue on the instant *Motion*. Defendants explain that "[i]t is clear to all parties that there is a 'genuine issue of material fact' as to whether the Defendants used excessive or necessary force against the Plaintiff and that issue will go to trial."[7] Therefore, their *Motion* only seeks the dismissal of three other claims: "[w]hether the Defendants retaliated against the Plaintiff exercising his First Amendment Right to Free Speech"[8]; "[w]hether the Defendants violated the Plaintiff [sic] Fourth Amendment Right to be free from an unconstitutional seizure"[9]; and "[w]hether the Defendants were deliberately indifferent to Plaintiff Serious needs [sic]."[10] Plaintiff does not oppose the dismissal of his First and Fourth Amendment claims. Specifically, he states that he "does not object to the striking" of the First Amendment-related allegations in his *Complaint* because he "does not intend to offer evidence of retaliation."[11] As to the Fourth Amendment claims, he "does not object to the striking of the Fourth Amendment from his claims as he was incarcerated at the time and his claims are governed by the 8th Amendment."[12]

---

[6] Rec. Doc. No. 1, p. 3.
[7] Rec. Doc. No. 33-1, p. 5.
[8] *Id.* at p. 2.
[9] *Id.*
[10] *Id.*
[11] Rec. Doc. No. 35, p. 2.
[12] *Id.* at p. 3.
60241

The situation is murkier when it comes to Defendants' attempt to seek summary judgment on what they describe as Plaintiff's claim that "Defendants were deliberately indifferent to Plaintiff Serious needs [sic]."[13] Plaintiff responds only that he "was unable to find the word 'serious' or the phrase 'serious needs' in his *Complaint*."[14] The Court agrees; no such language appears in the *Complaint*. In their *Memorandum in Support*, Defendants cite one sentence of the law on deliberate medical indifference, but, based on Plaintiff's *Opposition*, it is clear that his deliberate indifference claim is not related to medical treatment but instead revolves around what Plaintiff calls Defendants' "deliberate indifference to his 8th Amendment Right to be free from use of excessive/unnecessary force and from corporal punishment."[15] Thus, Plaintiff argues, "there is no such [deliberate medical indifference] allegation to be dismissed on summary judgment."[16] After a review of the *Complaint* and the parties' summary judgment briefs, it is apparent that Plaintiff did not intend to assert or argue a deliberate medical indifference claim. To the extent such a claim could be inferred from the *Complaint*, the Court finds that it should be dismissed because Plaintiff has not pleaded facts to support it.

Plaintiff additionally urges the Court to strike various affidavits, attached as exhibits to the instant motion, because they are "inadmissible hearsay."[17] Because the affidavits are related to the excessive force claim and the excessive force claim is not part of the

---

[13] *Id.*
[14] Rec. Doc. No. 35, p. 3
[15] *Id.* at p. 3.
[16] *Id.* at p. 5.
[17] Rec. Doc. No. 35, p. 6.
60241

instant *Motion*, the Court finds that Plaintiff's motion to strike, such as it is, is moot at this stage. Evidentiary objections to those affidavits may be re-urged at trial or in the form of pre-trial *Motions in Limine*.

For the reasons set forth above, Defendants' *Motion for Partial Summary Judgment or in the Alternative Motion to Dismiss on the Pleadings*[18] is hereby **GRANTED**. Plaintiff's First and Fourth Amendment claims are dismissed with prejudice. Plaintiff's deliberate medical indifference claim, to the extent it was asserted at all, is likewise dismissed with prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on May 12, 2020.

*[signature]*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[18] Rec. Doc. 33.
60241