UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TIMOTHY JONES

VERSUS

PETER LOLLIS, MARCUS JONES,
AND KEVIN BENJAMIN

CIVIL ACTION

18-885-SDD-SDJ

## RULING

This matter is before the Court on the *First Daubert Motion to Exclude Testimony of Lloyd Grafton or in the Alternative Limit the Testimony*[1] filed by the Defendants, Kevin Benjamin, Marcus Jones and Peter Lollis. Plaintiff, Timothy Jones ("Plaintiff"), has filed an *Opposition*,[2] to which the Defendants filed a *Reply*.[3] For the following reasons, Defendants' *Motion*[4] shall be GRANTED in part and DENIED in part.

Plaintiff retained W. Lloyd Grafton ("Grafton") to offer opinion testimony on the use of force in this case. Grafton is a retired Assistant Professor of Criminal Justice with a criminal justice education and varied experience in law enforcement and criminal justice.[5] Whether the Defendants subjected Plaintiff Timothy Jones to an excessive use of force is a question of fact to be determined by the jury. What constitutes unconstitutional force in a prison setting is a matter of law. An expert may be qualified by skill, education or

---

[1] Rec. Doc. 32
[2] Rec. Doc. 34.
[3] Rec. Doc. 38.
[4] Rec. Doc. 33.
[5] Rec. Doc. 32-3.

training to provide opinion testimony if the opinions are the product of reliable methodology and if the testimony will assist, and not confuse, the jury in its understanding of the issues and matter for determination.

As a general matter, the policies and practices of correctional security are not within the purview and common understanding of the average lay juror. Hence, the Court finds that testimony which explains the policies and best practices to maintain order and security within a correctional setting could be of assistance to the jury.

Defendants argue that Grafton "lacks actual training and knowledge regarding the means of force in a Louisiana penal institution."[6] The Court finds that Grafton has the experience and education to testify about what the prison's use of force policies mean in general terms.

Defendants further argue that Grafton's opinions are unreliable because they draw upon hearsay and disregard the Defendant officers' side of the story. On the matter of Grafton's reliance on hearsay, "[I]t is axiomatic that expert opinions may be based on facts or data of a type reasonably relied upon by experts in a particular field, even if the sources are not admissible evidence."[7] "Thus, experts may rely on inadmissible hearsay evidence in developing their expert opinions."[8] This, of course "does not render the hearsay itself admissible as competent evidence. . . when an expert reasonably relies on inadmissible information to form an opinion or inference, the underlying information is not admissible simply because the opinion or inference is admitted."[9]

---

[6] Rec. Doc. 32-1, p. 5.
[7] *United States v. Gresham*, 118 F.3d 258, 266 (5th Cir. 1997) (citing Fed. R. Evid. 703).
[8] *First Nat. Bank of Louisville v. Lustig*, 96 F.3d 1554, 1576 (5th Cir. 1996) (citing *Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1309 (5th Cir. 1991)).
[9] *Szymanski v. Murphy*, 437 Fed.Appx. 649, 654-55 (10th Cir. 2011) (quoting Fed. R. Evid. 703 advisory committee notes); cf. *Jones v. Am. Council on Exercise*, No. 15-3270, 2016 WL 6084636, at *10 (S.D. Tex.

As for Grafton's alleged cherry picking of facts that support his opinions, the Court does not find the facts relied upon by Grafton inherently unreliable. There is a sharp dispute as to the facts, but the facts relied upon by Grafton are in the record. There are competing versions of the events. Grafton will be subject to cross examination and the jury will ultimately determine the facts which are more likely than not.

Finally, Defendants argue that Grafton relies on "violations of Policy and Procedure to reach his conclusory opinions that the rights of plaintiff was violated"[10] and that "a claim based on a prison regulation violation would not be cognizable under § 1983."[11] The case cited does not stand for the proposition cited. While the violation of policy and procedure alone does not command the conclusion of excessive force or a constitutional violation, there is no bright line prohibition which precludes a subject matter expert from giving an opinion as to the conduct which violates policy and procedure.

The Court has carefully reviewed the expert report of Mr. Grafton and finds that some of his conclusions and opinions go to the ultimate question to be determined by the jury or are stated as legal conclusions. Those specific portions of his proposed testimony will be limited. Grafton will not be permitted to give opinion testimony that certain acts or omissions violate the law or the Constitution. Grafton will not be permitted to opine as to the ultimate conclusions of fact. Grafton will not be permitted to opine or testify to the following matters contained in his report:[12]

---

Oct. 18, 2016) (Miller, J.) ("This is perhaps the type of evidence an expert may rely upon, but it is hearsay and not admissible on its own.").
[10] Rec. Doc. No. 32-1, p. 5.
[11] *Id.*, citing *Mitchell v. Thomas*, No. 17-00090-JWD-EWD, 2018 WL 4572667, at *8 (M.D. La. Sep. 24, 2018).
[12] Rec. Doc. 32-2.

- "PPCT is consistent with Constitutional restrictions on use of force by law enforcement";[13]

- The policies and rules implicated in this case as to having been disregarded are set forth below:

    *La. R.S. 15:829, which allows the Secretary of the Louisiana Department of Public Safety and Corrections to enact rules and regulation governing inmates and guards, provides that corporal punishment of inmates is forbidden. See also, LAC 22:3309 and see Department Regulation No. c-02-006 (6)(b)(c)(d)."*[14]

- "Violation of a state statute evidences unreasonable conduct";[15]

- "The Constitution, statutes, rules and regulations enacted to protect inmates were disregarded";[16]

- "There is little doubt that Timothy Jones was the recipient of corporal punishment and excessive force";[17]

- Opinions as to conduct that constitutes a "felony criminal act";[18]

- Opinions that defendants' "acts were willful and indifferent to what the law required of them";[19]

- Opinions regarding causation of Plaintiff's injuries.[20]

---

[13] Rec. Doc. 32-2, p. 4.
[14] *Id.*
[15] *Id.* at p. 5.
[16] *Id.* at p. 6.
[17] *Id.*
[18] *Id.* at p. 7.
[19] *Id.*
[20] *Id.*


## III.    CONCLUSION

For the reasons stated above, the *Motion in Limine*[21] is hereby GRANTED in part and DENIED in part. Lloyd Grafton's expert testimony shall be limited as set forth above.

**IT IS SO ORDERED**.

Signed in Baton Rouge, Louisiana on June 25, 2020.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[21] Rec. Doc. No. 32.