UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TIMOTHY JONES

VERSUS

PETER LOLLIS, MARCUS JONES,
AND KEVIN BENJAMIN

CIVIL ACTION

18-885-SDD-SDJ

### RULING

This matter is before the Court on the *Motion for Judgment as a Matter of Law*[1] filed by Plaintiff Timothy Jones ("Jones"). Defendants Peter Lollis ("Lollis"), Marcus Jones ("Marcus Jones"), and Kevin Benjamin ("Benjamin") (collectively, "Defendants") oppose the *Motion*.[2] For the following reasons, Jones' *Motion*[3] shall be DENIED.

### I.    FACTUAL BACKGROUND

Plaintiff Timothy Jones' suit arises out of events that occurred on February 4, 2018 in the Walnut Unit at the Louisiana State Penitentiary, where Jones is an inmate.[4] The Court previously granted a *Motion for Partial Summary Judgment* by Defendants and dismissed Jones' First and Fourth Amendment claims, as well as his deliberate medical indifference claim, though it was not clear whether he had raised one.[5] On April 19 and 20, 2021, a jury trial was conducted on the remaining Eighth Amendment claim.[6] The jury returned a verdict in favor of Defendants, finding that Jones did not prove by a preponderance of the evidence that Peter Lollis and Kevin Benjamin used excessive or

---

[1] Rec. Doc. No. 91.
[2] Rec. Doc. No. 96.
[3] Rec. Doc. No. 91.
[4] Rec. Doc. No. 1.
[5] Rec. Doc. No. 40.
[6] Rec. Doc. Nos. 90 and 93.
67707

unnecessary force against him in violation of his Eighth Amendment rights.[7]

In the instant *Motion*, Jones contends that "[t]his Court should enter judgment as a matter of law and notwithstanding the jury verdict," because, in his view, the jury "nullified the law" by returning a verdict for Defendants when the "evidence of a violation of rights was overwhelming."[8] Specifically, Jones focuses on the video evidence, which he describes as "uncontroverted."[9] Per Jones, the video clearly showed him being "struck in the face, chest, and other areas of his body" and being "sprayed in the face with chemical while on the ground."[10] Jones repeatedly insists that the jury "disregarded the legal instructions given and nullified the law"[11] by returning a verdict that found no constitutional violation.

In their *Opposition*, Defendants note as an initial matter that Jones' *Motion* makes no reference to Defendant Benjamin and appears to seek judgment as a matter of law only as to Defendant Lollis.[12] The Court agrees. Overall, Defendants reject Jones' premise that the jury's verdict could only have been the result of jury nullification, arguing that, in fact, "the verdict is consistent with the evidence."[13] In Defendants' view, the video evidence was controverted and did not depict the events that Jones claims it did. In any event, Defendants argue, even if Jones' version of events was supported by uncontroverted video evidence, Jones does not explain why those events would entitle him to judgment as a matter of law against Lollis.  After reviewing the parties' briefs and the applicable law, the Court agrees with Defendants that Jones has not demonstrated

---

[7] Rec. Doc. No. 95.
[8] Rec. Doc. No. 92, p. 1.
[9] *Id*.
[10] *Id*.
[11] *Id*. at p. 2.
[12] Rec. Doc. No. 96, p. 1.
[13] *Id*. at p. 2.
67707

that judgment as a matter of law is appropriate here.

## II. LAW AND ANALYSIS

### a. Judgment as a Matter of Law ("JMOL") Under FRCP 50

A party may move for JMOL under Rule 50(a) after the nonmovant "has been fully heard on an issue during a jury trial."[14] The motion "may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment."[15] If the Rule 50(a) motion is denied, the movant may renew the motion after trial.[16] "It goes without saying that the evidence must be viewed in the light most favorable to the nonmovant."[17] And, "all reasonable inferences are drawn in favor of the nonmovant, with the credibility of witnesses and weight of the evidence being within the sole province of the jury."[18] JMOL should be granted when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."[19]

### b. Analysis

As stated above, a JMOL movant "must specify the judgment sought and the law and facts that entitle the movant to the judgment."[20] Jones does spell out his desired judgment: "finding his 8th Amendment right was violated, that he suffered injury and award him $20,000.00 in pain and suffering as well as punitive damages in the among of $5,000.00 against Major Peter Lollis."[21] However, at no point does Jones present a legal

---

[14] Fed. R. Civ. P. 50(a).
[15] *Id.*
[16] Fed. R. Civ. P. 50(b).
[17] *Montano v. Orange Cty., Texas*, 842 F.3d 865, 873 (5th Cir. 2016).
[18] *Id.* at 874.
[19] *Williams v. Hampton*, 797 F.3d 276, 282 (5th Cir. 2015) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149 (2000)).
[20] *Id.*
[21] Rec. Doc. No. 92, p. 3.

or factual case entitling him to that relief. The Court will address Jones' arguments in turn.

    i. Jury Nullification

Jones alleges that "the jury disregarded the legal instructions given and nullified the law."[22] He does not provide evidence to support this assertion, nor does he explain which law or aspect of the law was allegedly disregarded by the jury in reaching its verdict. This is insufficient to merit judgment as a matter of law.[23]

    ii. "Overwhelming" evidence

The bulk of Jones' *Motion* relates to video evidence that was presented to the jury during the trial. Although Jones calls the video "uncontroverted," the Court agrees with Defendants that it could not possibly be. The video was offered and admitted not as direct evidence but as *impeachment* evidence, meaning that it was used to dispute witness testimony. If there was no factual dispute between the testimony and the video, the video would not have been admitted.

Regardless of the purpose for which the video was offered, Jones may not prevail herein by substituting his own opinion of what the video depicts in place of what the jury concluded, namely, that no constitutional violation occurred. After all of the evidence was presented, the jury assigned the video a certain weight and made its own credibility determinations. Such is the "sole province of the jury."[24] Further, in the Court's view, the jury's verdict was supported by a reasonable view of the evidence. Jones cannot merely intone "jury nullification" and "overwhelming evidence" and hope to prevail.  These are

---

[22] Rec. Doc. No. 92, p. 2.
[23] *See, e.g., Behling v McDermott, Inc.,* No. CIV.A. 95-1841, 1997 WL 97225, at *3 (E.D. La. Mar. 6, 1997)("The plaintiff's final argument in favor of a new trial is that the jury rendered a compromise verdict or that a juror or jurors participated in jury nullification. Addressing the latter first, there is simply no evidence of jury nullification and the plaintiff's argument on this point is without merit").
[24] *Id.* at 874.

67707

conclusory allegations; much more is required. Moreover, Jones cannot hope to persuade the Court that JMOL is warranted by describing his video evidence using loaded terms like "jerked" and "dragged" when, in the eyes of the Court, such was not at all evident from the video. The jury has spoken, and Jones has given the Court no reason to find fault with its conclusion.

### III.  CONCLUSION

For the above reasons, Plaintiff's *Motion for Judgment as a Matter of Law*[25] is hereby DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on June 7, 2021.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[25] Rec. Doc. No. 91.
67707